Shirley **DOWNEN**, Plaintiff/Appellant,

v.

**ALLSTATE INSURANCE COMPANY**, Defendant/Appellee.

Supreme Court of Tennessee, at Jackson.

May 20, 1991.

Joseph Michael Cook, Memphis, for plaintiff-appellant.

John D. Richardson, Deborah P. Ford, Memphis, for defendant-appellee.

## OPINION

ANDERSON, Justice.

In this worker's compensation action, the trial judge sustained the defendant Allstate's motion for summary judgment, holding that, as a matter of law, the expert medical proof was insufficient to support

an award to the employee's widow for worker's compensation death benefits. The widow appeals, contending that the deposition of her deceased husband's physician raises genuine issues of material fact as to whether her husband's heart attack arose out of his employment. We agree and reverse.

### FACTS

The plaintiff's husband, Hugh Downen ("Downen"), was an over-the-road truck driver employed by Signal Delivery Service ("Signal"), which was insured for workers compensation by the defendant, Allstate Insurance Company ("Allstate"). On March 31, 1986, Downen drove Signal's tractor-trailer truck from Pine Bluff, Arkansas, to Memphis, Tennessee, where he dropped off the trailer. He was in the process of driving the truck off of Signal's premises to pick up a trailer for a return load to Pine Bluff, when he slumped over the steering wheel of the truck. The truck continued across the road from Signal's premises, where it came to rest after striking a fence. Downen was taken to the Regional Medical Center at Memphis where he was pronounced dead by Dr. Lytle Brown, III. Downen was a smoker and was 44 years old at the time of his death. Although an autopsy was not performed, Dr. Brown is of the opinion that Downen died as a result of a myocardial infarction or a pulmonary embolus, the most likely cause of which was atherosclerotic heart disease, more commonly known as hardening of the arteries.

Allstate produced the deposition testimony of Dr. Brown in support of its motion for summary judgment, and the plaintiff offered no contrary affidavits or evidence. Dr. Brown's testimony is inconclusive as to the precise cause of death, but taken as a whole, his deposition indicates that Downen's employment might have contributed to the cause of Downen's heart attack.

### SUMMARY JUDGMENT

■ A worker's compensation appeal from a summary judgment order is not controlled by the *de novo* standard of review provided by the Workers' Compensation Act, Tenn.Code Ann. § 50–6–225(e); rather, it is governed by Rule 56, Tenn. R.Civ.P.

> If any material evidence indicates that a genuine issue of material fact exists, summary judgment is inappropriate. *Particularly in certain kinds of cases summary judgment should be entered cautiously....*

*Blocker v. Regional Medical Center,* 722 S.W.2d 660, 662 (Tenn.1987) (emphasis added). For example, this Court has cautioned that:

> Because opinion testimony always is subject to evaluation by the fact finder, it generally has been held not an appropriate basis for summary judgment....

*Bowman v. Henard,* 547 S.W.2d 527, 530 (Tenn.1977) (citations omitted). Because they necessarily require proof of causation by expert medical evidence in the form of opinion testimony, summary judgment motions should be entered with caution in workers' compensation cases.

In determining whether Rule 56, Tenn. R.Civ.P. has been correctly applied,

> This court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in a light most favorable to the opponent of the motion. Likewise, *all legitimate conclusions from the record should be drawn in favor of the opponent of the motion.* Price v. Mercury Supply Co., Inc., 682 S.W.2d 924, 929 (Tenn.App.), permission to appeal denied (Tenn.1984) (citations omitted).

*Blocker, supra,* 722 S.W.2d at 660 (emphasis added). Moreover, "the burden is on the moving party to show the absence of a genuine issue as to any material fact and that movant is entitled to judgment as a matter of law." *Jones v. Home Indemnity Ins. Co.,* 651 S.W.2d 213, 214 (Tenn.1983). "When weighing such a motion, if the mind of the court entertains any doubt whether or not a genuine issue exists as to any material fact, it is its duty to overrule the motion." *Poore v. Magnavox Co. of Tennessee,* 666 S.W.2d 48, 49 (Tenn.1984).

■ The trial court necessarily held that Downen's heart attack did not arise out of employment. If an employee's heart attack is precipitated by physical activity and exertion of the employee's work, an employee who dies in the course of his employment as a result of a heart attack, although suffering from previous heart disease, is covered under the Workers' Compensation Act, even if the result was produced by ordinary exertion and usual strain of the work. *Flowers v. South Central Bell Telephone Co.*, 672 S.W.2d 769 (Tenn. 1984); *Kingsport Press, Inc. v. Van Huss*, 547 S.W.2d 572 (Tenn.1977). Thus, the question presented is whether the deposition of Dr. Brown raises a genuine issue of the cause of Downen's heart attack.

This Court has consistently held that causation of a work-related injury must be shown in most cases by expert medical evidence. *Tindall v. Waring Park Association*, 725 S.W.2d 935, 937 (Tenn.1987). However,

> [i]n a workman's compensation case, a trial judge may properly predicate an award on medical testimony to the affect that a given incident "could be" the cause of the plaintiff's injury, when he also has before him lay testimony from which it may reasonably be inferred that the incident was in fact the cause of the injury.

*P & L Construction Co., Inc. v. Lankford*, 559 S.W.2d 793, 794 (Tenn.1978). *See also Tindall v. Waring Park Association, supra*, 725 S.W.2d at 938; *Chapman v. Employers Ins. Co. of Alabama*, 627 S.W.2d 122, 123 (Tenn.1981); *Foster v. ESIS, Inc.*, 563 S.W.2d 180, 183 (Tenn.1978); *American Ins. Co. v. Ison*, 538 S.W.2d 382, 385 (Tenn.1976); *Lynch v. La Rue*, 198 Tenn. 101, 278 S.W.2d 85, 86 (1955). Because

> medical witnesses are rarely, if ever, able to state their opinions on medical causation, with reasonable certainty,.... medical testimony that the normal exertion of employment could have or might have caused the acceleration or aggravation of a preexisting heart condition is sufficient to make out a *prima facie* case that the injury or death arose out of

employment. If the employer introduces no evidence to the contrary, the preponderance of evidence supports an award of worker's compensation benefits.

*King v. Jones Truck Lines*, 814 S.W.2d 23 (Tenn.1991).

■ In this case, the deposition of Dr. Brown cannot substitute for a trial on the merits. Dr. Brown first testified that he could not rule out a relationship between Downen's death and "the physical demands of his employment." He further testified that, considering Downen's preexisting heart disease, he would have recommended that Downen refrain from engaging in any type of activity involving exertion or mental or emotional strain. In response to a hypothetical question by plaintiff's counsel based upon the facts which the plaintiff presumably intended to prove at trial, Dr. Brown testified, "I think that you have to say that [the exertion] of employment could contribute [to the onset of the heart attack,] but again to what degree I can't say." It is true that in response to questions couched in terms of "more probable than not," Dr. Brown offered testimony favorable to Allstate. However, drawing all legitimate inferences in favor of the opponent of the summary judgment motion, as we are required to do, we have concluded that a genuine issue as to material fact is presented.

Moreover, as noted above, we have held that "medical testimony that the normal physical exertion of employment could have or might have caused the acceleration or aggravation of a preexisting heart condition is sufficient to make out a *prima facie* case that the injury or death arose out of employment." *King, supra.* Testimony that factors unrelated to employment "more probably than not" were the cause of an injury is not inconsistent with testimony that employment "could" or "might" have caused the injury. Doubt remains regarding whether Downen's heart attack arose out of employment, and we express no opinion on that ultimate question. On the contrary, we hold merely that summary judgment was inappropriate on the medical proof presented.

Since "all the facts and circumstances need to be more fully developed and considered before this case can be resolved," *Blocker v. Regional Medical Center, supra,* 722 S.W.2d at 664, the defendant, Allstate, has not met its burden under Rule 56, Tenn.R.Civ.P.

Consequently, we reverse the judgment of the trial court and remand the case for further proceedings. Costs are taxed to the defendant, Allstate Insurance Company.

REID, C.J., and DROWOTA, O'BRIEN and DAUGHTREY, JJ., concur.