IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

March 10, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

SUZANNE SHERER, et al.           )   KNOX COUNTY
                                 )   03A01-9805-CV-00168
        Plaintiffs-Appellees     )
                                 )
                                 )
        v.                       )   HON. HAROLD J. WIMBERLY,
                                 )   JUDGE
                                 )
RAY ALLEN LINGINFELTER, et al.   )
                                 )
        Defendants-Appellants    )   AFFIRMED AND REMANDED


ARTHUR G. SEYMOUR, JR., OF KNOXVILLE FOR APPELLANT UNITED
SERVICES AUTOMOBILE ASSOCIATION

JESS D. CAMPBELL OF KNOXVILLE FOR APPELLEES


O P I N I O N


                                        Goddard, P.J.


        This is an appeal from the judgment of the Trial Court
sustaining a motion for summary judgment in favor of Suzanne
Sherer and Charles Sherer, who appear as the natural guardians of
Teal Sherer.  The Trial Court's action denied United Services
Automobile Association (USAA), the Sherers' underinsured motorist
carrier, subrogation rights against any recovery by the Sherers
in a suit against General Motors.  We affirm the judgment of the
Trial Court.

The facts pertinent to the determination of this appeal are undisputed. Therefore, our duty is to ascertain the state of the law and apply it to the facts of this case.

## STANDARD OF REVIEW

The standards governing an appellate court's review of a trial court's action on a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment. Our task is confined to reviewing the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. Cowden v. Sovran Bank/Cent. S., 816 S.W.2d 741, 744 (Tenn.1991). Rule 56.03 of the Tennessee Rules of Civil Procedure provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as matter of law on the undisputed facts. Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn.1991).

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in

the nonmoving party's favor.  Byrd, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion.  Byrd, 847 S.W.2d at 210-11.

**FACTS**

On September 4, 1995, Teal Sherer, daughter of Charles and Suzanne Sherer, sustained injuries in a one car accident while riding as a passenger in a 1987 Chevrolet automobile driven by Ray Linginfelter.  As a result of the accident, Teal sustained serious injuries which included a loss of sensation below the waist.  On March 27, 1996, the Sherers' entered into a settlement agreement with Mr. Linginfelter and his insurance carrier.  In this settlement agreement, Teal received $300,000 in a compromise settlement, of which $175,000 was paid directly to the Sherers and $125,000 contributed towards a structured settlement.  All $300,000 was to be paid by Mr. Linginfelter's insurance carrier.

At the time of this accident, Mr. Sherer had a primary insurance policy and an umbrella insurance policy with USAA, both of which provided uninsured motorist coverage for Teal.  Mr. Sherer's primary policy included uninsured motorist coverage of $300,000 per person and the umbrella policy increased coverage to $1,000,000.  In the settlement of Teal's claim, USAA paid the Sherers' $650,000, $300,000 under the primary policy, and $350,000 under the umbrella policy.  USAA had previously paid medical benefits of $50,000 under the medical payment coverage of the primary policy.  In sum, the Sherer's received $1,000,000

3

from the settlement, either in lump sum or in payments from a structured settlement.

After settling the claim against Mr. Linginfelter, the Sherers brought a product liability action against General Motors, the manufacturer of the vehicle in which Teal was riding at the time of the accident. This complaint, filed August 29, 1996, alleged that the use of a lap restraint, instead of a lap and shoulder belt combination, by General Motors in the 1987 Chevrolet Caprice resulted in additional injuries to Teal. On November 17, 1997, the Sherers filed a Complaint for Declaratory Judgment wherein they alleged that USAA had no subrogation rights against any recovery as to General Motors, because General Motors was liable for additional injuries to Teal above and beyond the negligence of Mr. Linginfelter.

The Sherers filed a Motion for Summary Judgment which was heard by the Trial Court on January 29 and February 6, 1998. The Trial Court agreed that USAA had no subrogation rights arising from the policy against any recovery by the Sherers against General Motors Corporation and granted the Sherers' Motion for Summary Judgment. Accordingly, judgment was entered on February 25, 1998. USAA filed Notice of Appeal on March 12, 1998.

### DISCUSSION

As already noted, USAA claims subrogation rights to any recovery arising from the Sherers' product liability claim

4

against General Motors because of additional injuries to Teal as a result of General Motors' negligence.

Tennessee Code Annotated § 56-7-1202(a) defines an "uninsured motor vehicle" as:

> For the purpose of this coverage, "uninsured motor vehicle" means a motor vehicle whose ownership, maintenance, or use has resulted in the bodily injury, death, or damage to property of an insured, and for which the sum of the limits of liability available to the insured under all valid and collectible insurance policies, bonds, and securities applicable to the bodily injury, death, or damage to property is less than the applicable limits of uninsured motorist coverage provided to the insured under the policy against which the claim is made.

The provisions of the primary policy in question provide in pertinent part as follows:

### OUR RIGHT TO RECOVER PAYMENT

> A.   If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right.  That person shall do whatever is necessary to enable us to exercise our rights and do nothing after loss to prejudice them. . . .
>
> B.  If we make payments under this policy and the person to or for whom payment is made recovers damages from another, that person shall hold in trust for us the proceeds of the recovery and reimburse us to the extent of our payment.

Furthermore, the umbrella policy included the following provision under "Uninsured Motorist Coverage":

> The coverage provided by this endorsement is subject to all provisions of the Uninsured Motorist Coverage provided by the the primary Automobile Liability Insurance Policy, except as modified by this endorsement. . . .
>      With respect to damages caused by an uninsured motor vehicle to which a bodily injury liability bond or policy applies at the time of the accident, the limit of liability under this endorsement shall be reduced by all sums paid or payable:
>          -by or on behalf of persons or organizations who may be legally responsible;

5

> -under Part A of the primary policy; or
> -under the liability coverage of this policy.
> However, in no case will the limit of liability be reduced if such would duplicate a reduction under the Uninsured Motorist Coverage or the primary policy.

> In no event shall a person be entitled to receive duplicate payments for the same damages.

USAA relies heavily on Erwin v. Rose, an unpublished opinion of this Court, filed in Nashville on April 15, 1998. In Erwin, the plaintiff was killed by a Maury County Deputy who lost control of his car while in pursuit of another driver. The plaintiff's parents filed suit against both the fleeing driver and the deputy. The Trial Court bifurcated the two actions, trying the case against the deputy first. The Trial Court found the plaintiff's damages surpassed one million dollars, but limited the county's liability to $130,000 under Tennessee Code Annotated 29-20-403(2)(A).

The Trial Court and a jury then heard the case against Mr. Lovell, the fleeing driver. The jury returned a verdict for $1,000,000 finding Mr. Lovell 84% at fault and Deputy Rose 16% at fault. Mr. Lovell had a $25,000 liability policy, while the plaintiff's had a $100,000 uninsured motorist coverage. The Trial Court dismissed the claim against the uninsured motorist carrier upon its motion for summary judgment based upon the uninsured motorist policy. In affirming the decision of the Trial Court, Judge Cantrell held that the adoption of comparative fault "did not affect the right of the insurance company to reduce its coverage by the benefits the insured receives from whatever source." In arriving at this conclusion, Judge Cantrell relied upon cases decided before the adoption of our comparative fault system.

We must respectfully disagree with Judge Cantrell and the holding of Erwin v. Rose. The Tennessee Supreme Court clearly announced the demise of joint and several liability in Tennessee in McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992):

> today's holding renders the doctrine of joint and several liability obsolete. . . . Having thus adopted . . . [comparative] fault, it would be inconsistent to simultaneously retain a rule, joint and several liability, which may fortuitously impose a degree of liability that is out of all proportion to fault.
> Further, because a particular defendant will henceforth be liable only for the percentage of a plaintiff's damages occasioned by that defendant's negligence, situations where a defendant has paid more than his "share" of a judgment will no longer arise . . . .

McIntyre, 833 S.W.2d at 58.

In Cox v. Neway-Love Distributors, Inc., an unreported opinion of this Court, filed in Knoxville on January 11, 1996, we applied the principles set forth in McIntyre to uninsured motorist coverage with multiple tortfeasors. In Cox, the uninsured motorist provider sought credit arising from subrogation rights for all sums received for the injuries of the insured. In Cox, we held that, if the uninsured motorist carrier is required to make any payments to the plaintiff, subrogation will be limited to the plaintiff's rights against the uninsured motorist.

This holding is supported by the provisions of T.C.A. § 56-7-1204(a) which provides:

> 56-7-1204. Payment by insurer--Subrogation
> (a) In the event of payment to any person under the coverage required by this part, and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be subrogated to all of the rights of the person to whom such payment has been made, and shall be entitled to the proceeds of any settlement or judgment resulting

7

from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury or property damage *for which such payment is made*, including the proceeds recoverable from the assets of an insolvent insurer. (emphasis added).

The subrogation rights of the insurer are limited to the injuries for which the insurer had made payment. After the death of joint and several liability, each defendant is responsible only for liability arising from that defendant's own negligent acts. For this reason, payments made by a defendant to a plaintiff compensates the plaintiff for the injuries incurred as a result of that, and only that, defendant's negligence.

Accordingly, in the case at hand, after negotiating and arriving at a settlement, USAA made payments to compensate the Sherer's for the injuries sustained to Teal arising from the negligence of the underinsured motorist, Mr. Linginfelter. In no way were these payments compensation for the enhancement of Teal's injuries arising from General Motors design of the passenger restraint system. We agree with the Trial Judge who stated:

> It is this Court's opinion that the settlement by General Motors is, while for the same injury, not for the same portion of that injury for which payment was made or settlement was made by USAA on behalf of the driver of the vehicle; that these are separate, even though resulting in one injury, and that the subrogation would not be for this portion of the injury attributable to General Motors.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against USAA.

8

_____
Houston M. Goddard, P.J.

CONCUR:


   (Not Participating)
Don T. McMurray, J.


_____
William H. Inman, Sr.J.