**IN THE COURT OF APPEALS OF TENNESSEE**
**AT NASHVILLE**

FILED

January 10, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| SUE CHAPMAN, | ) | |
| | ) | |
| | ) | |
| Plaintiff/Appellees, | ) | Hickman Circuit No. 97-5096C |
| | ) | |
| VS. | ) | Appeal No. M1999-02178-COA-R9-CV |
| | ) | |
| RICHARD A. JONES, Administrator | ) | |
| of the Estate of David Piper, | ) | |
| Deceased, and GARY PIPER, | ) | |
| | ) | |
| | ) | |
| Defendants/Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF HICKMAN COUNTY
AT CENTERVILLE, TENNESSEE
THE HONORABLE RUSS HELDMAN, JUDGE

**DAVID W. CARTER**
**LAWWELL, DALE & GRAHAM**
Columbia, Tennessee
Attorney for Appellant, Richard A. Jones

**ERNEST W. WILLIAMS**
**DANA C. McLENDON, III**
Franklin, Tennessee
Attorney for Defendant, Gary Piper

**FRANK LANNOM**
**CHRISTI DALTON**
**TAYLOR, TAYLOR, LANNOM & WILLIAMS**
Lebanon, Tennessee
Attorneys for Appellee, Sue Chapman

**REVERSED AND REMANDED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**WILLIAM C. KOCH, J.**

Richard Jones ("Jones") appeals the trial court's refusal to grant a Motion for Partial Summary Judgment on Chapman's claim for punitive damages against the estate of David Piper in this tortious injury suit. Based upon the following, we reverse the trial court's denial of Defendant Jones' motion.

**Facts and Procedural History**

This appeal arises from domestic violence that occurred on March 15th and 16th, 1997. This episode ended with Sue Chapman ("Chapman") hospitalized and David Piper dead of a self-inflicted gunshot wound. Chapman filed suit against the estate of David Piper, deceased, and Gary Piper on May 17, 1997, in the Circuit Court of Hickman County. In her complaint, Chapman alleges that she was brutally assaulted by David and Gary Piper and seeks compensatory and punitive damages. Jones, as administrator of David Piper's estate, filed a Motion for Partial Summary Judgment on the basis that punitive damages cannot be levied against the estate of a deceased tortfeasor. The trial court denied Jones' motion, finding that Tennessee law does allow the recovery of punitive damages against a tortfeasor's estate. Jones appealed. For the purpose of this appeal, the facts as alleged by Chapman are taken as true. These facts are as follows.

Chapman and David Piper (David) resided together at David's house in Hickman County, Tennessee, from December 1996, until March 16, 1997. On March 15, 1997, Gary Piper ("Gary"), David's brother, was also staying at David's house. Chapman, David, and Gary were drinking beer throughout the afternoon, as well as using marijuana at some point. David and Gary were watching television in the recreation room, while Chapman was cleaning an upstairs room.

Sometime during the late afternoon or early evening hours, Chapman joined David and Gary in the recreation room. At this point, David became agitated and began waving a handgun. David fired several gun shots into the wall above Chapman's head while she sat on a couch. As a result, several bullet fragments were embedded in Chapman's back.

2

To avoid further injury, Chapman moved to the floor. David then proceeded to climb on top of Chapman and fire more shots, while Chapman used her hand to deflect the gun's barrel. The struggle ended when Gary lifted David off of Chapman.

Chapman dialed 911, but Gary pulled the phone out of the wall before Chapman could speak to an operator. In addition, Chapman was prevented from leaving the house. Chapman was allowed to leave the recreation room and resume her household work. Chapman has no further memory of what happened until she awoke to find that she was handcuffed and shackled.[1]  David Piper verbally and physically assaulted Chapman before moving her into another room. David then shot the handcuffs off Chapman and ordered her to kill him. Upon her refusal, David turned the gun upon himself and fired a fatal shot into his head.

As a result of the foregoing events, Chapman was hospitalized for several days. Some of the bullet fragments were removed from her arms and back, but others were inoperable. Due to her hospitalization and her inability to work immediately following the assault, Chapman was forced to relinquish custody of her son to her husband. Following these events, Chapman initiated legal action.

Chapman filed suit against Richard A. Jones, as Administrator of the Estate of David Piper, and Gary Piper in the Circuit Court for Hickman County, Tennessee, on May 17, 1997. Chapman seeks both compensatory and punitive damages for the tortious acts perpetrated by David Piper and Gary Piper.[2]  On June 10, 1998, Defendant Jones filed a Rule 56 Motion for Partial Summary Judgment on the issue of punitive damages on the basis that Chapman is seeking to recover punitive damages from an estate for acts committed by a deceased tortfeasor, David Piper.

---

[1]At some point, Chapman took a handful of "nerve pills." It is unclear whether her memory loss resulted from the mixture of drugs and alcohol or from injuries inflicted by David Piper.

[2]Chapman's claims against Gary Piper are based on his failure to render aid during the assault. Chapman also alleges that Gary Piper prevented her from seeking help by ending Chapman's 911 call and telling her that she could not leave the house.

Circuit Court Judge Russ Heldman heard arguments on the Motion for Partial Summary Judgment on January 11, 1998. Defendant Jones argued that Hayes v. Gill prohibits the award of punitive damages against the estate of a deceased tortfeasor. Hayes v. Gill, 390 S.W.2d 213 (Tenn. 1965). Chapman argued that Hayes was implicitly overruled by Hodges v. S.C. Toof & Co., 833 S.W.2d 901 (Tenn. 1992). On February 17, 1999, Judge Heldman entered an order denying Defendant Jones' motion and allowing Chapman to seek an award of punitive damages against the estate of David Piper. Defendant Jones filed an interlocutory appeal regarding the denial of the motion.

On appeal, Defendant Jones asserts that the trial court erred in failing to grant the Motion for Partial Summary Judgment regarding Chapman's claim for punitive damages against the estate of David Piper. Jones argues that the trial court's interpretation of Hodges as overruling Hayes is incorrect. According to Jones, the general rule that punitive damages cannot be awarded against the estate of a deceased tortfeasor was not affected by Hodges. Jones argues that Hodges addresses only the proper procedure required in a trial where punitive damages are sought.

**Analysis**

As a preliminary matter, we find it appropriate to note that this appeal is limited to Defendant Jones' Motion for Partial Summary Judgment. This motion involves only Chapman's claim for punitive damages against David Piper's estate. Neither Chapman's other claims against David Piper's estate, nor her claims against Gary Piper are relevant to our discussion.

Whether the trial court erred in granting or denying a Rule 56 Motion for Summary Judgment is purely a question of law. See TENN. R. CIV. P. Rule 56.04. On review, no presumption of correctness attaches to the trial court's judgment. Therefore, our task is limited to determining whether the requirements for summary judgment have been met. Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn.1991). A Motion for

4

Summary Judgment should be granted only when there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, and the moving party is entitled to a judgment as a matter of law on the undisputed facts. Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn.1993); Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn.1991).

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. Byrd, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997).

At issue in this case is whether the trial court erred in denying Defendant Jones' Motion for Partial Summary Judgment. Jones based his motion on the general rule that punitive damages cannot be assessed against the estate of a deceased tortfeasor. Hayes v. Gill, 390 S.W.2d 213 (Tenn. 1965). Accordingly, Chapman's claim for punitive damages against David Piper's estate would not be actionable under Hayes, and summary judgment would be appropriate. Chapman asserted that Hayes is no longer the law, due to the Tennessee Supreme Court's decision in Hodges v. S.C. Toof & Co., *supra.* The trial court was persuaded by Chapman's argument. We are not.

In Hayes, the Court specifically addressed the issue of whether punitive damages could be assessed against the estate of a deceased tortfeasor. Hayes involved a collision between two automobiles that occurred when Hayes crossed over into the lane of oncoming traffic and struck Gill. Hayes at 214. Both Hayes and Gill were killed in the crash. Id. Gill's widow filed suit against Hayes' estate, and was awarded both compensatory and punitive damages. Id. The verdict was upheld on appeal, but was

5

subsequently reversed on the issue of punitive damages by the Tennessee Supreme Court. Id. at 217.

The Court explicitly stated that punitive damages were not appropriate against the estate of a deceased person. Hayes at 217. To explain its holding, the Court stated in pertinent part: "Since the purpose of awarding exemplary damages is to punish the wrongdoer, as a rule his death destroys the right to them and they cannot be recovered against his estate or his heirs or other representatives." Id., citing 15 Am.Jur., Damages Sec. 285 (1938). In conclusion, the Court pointed out that punitive damages were primarily used to punish the wrongdoer. Id. The Court reasoned that since a deceased party can in no way be punished by the award of punitive damages, there was no reason for allowing such damages to be assessed. Id.

While the holding in Hayes was limited to a specific aspect of punitive damages, Hodges was very broad and generalized. Hodges v. S.C. Toof & Co., 833 S.W.2d 896 (Tenn. 1992). Hodges addressed the general standard that must be met in order for punitive damages to be awarded. Id. at 900-901. Under this standard, a court may award punitive damages only if it finds a defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly. Id. at 901. The Court went on to define what kind of behavior each of the four categories required. Id. In addition, Hodges set out the appropriate procedure to be used in a trial where punitive damages were sought.[3] Id. at 901-902. The Court did not address the specific subject matter addressed in Hayes.

From our reading of both Hayes and Hodges, we find that the holding in Hayes is unchanged. Hodges dealt with what type of conduct occurred, and whether that conduct rose to a level where punitive damages were appropriate. Hayes addressed the type of tortfeasor, rather than the tortfeasor's conduct. For this reason, we find that Hayes

---

[3] "In a trial where punitive damages are sought, the court, upon motion of defendant, shall bifurcate the trial. During the first phase, the factfinder shall determine (1) liability for, and the amount of, compensatory damages and (2) liability for punitive damages in accordance with the standards announced above. During this phase, evidence of a defendant's financial affairs, financial condition, or net worth is not admissible. If the factfinder finds a defendant liable for punitive damages, the amount of such damages shall then be determined in an immediate, separate proceeding." Hodges at 833.

controls on this issue, and in this case. Under Hayes, punitive damages cannot be awarded against the estate of a deceased tortfeasor. Therefore, Chapman's punitive damage claim against the estate of David Piper is not actionable.

Under the summary judgment standard, we must look at all facts, and inferences from those facts, in the light most favorable to the non-moving party. See Byrd v. Hall, 847 S.W.2d 208, 210-211 (Tenn. 1993). Regardless of the facts and inferences presented here, Chapman cannot recover on her punitive damage claim. Defendant Jones' motion is wholly supported by the rule set forth in Hayes, and he is therefore entitled to a favorable ruling on this motion as a matter of law. Defendant Jones' Motion for Partial Summary Judgment on this issue should have been granted.

### Conclusion

For the reasons set forth above, we reverse the trial court's denial of Defendant Jones' Motion for Partial Summary Judgment and remand for entry of an appropriate order and for other necessary proceedings. Costs on appeal are taxed to the appellee, Sue Chapman for which execution may issue, if necessary.

_____
HIGHERS, J.

CONCUR:

_____
FARMER, J.

_____
KOCH, J.

7