IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 20, 2000

**KENNETH  L.  STOREY  v.  DAVID  J.  POSS**

**Appeal from the Chancery Court for Knox County**
**No. 135471-2      Hon. Daryl L. Fansler, Chancellor**

**FILED OCTOBER 6, 2000**

**No. E1999-00192-COA-R3-CV**

Plaintiff/Appellant is an inmate at West Tennessee High Security Prison in Hennig, Tennessee, pursuant to a conviction for aggravated rape.  Defendant, a Tennessee attorney, was appointed by the General Sessions Court to represent Plaintiff at a preliminary hearing on that charge.  After that hearing, Plaintiff was bound over to the grand jury for trial.  Plaintiff asked the Criminal Court to dismiss Defendant as his counsel and to appoint another attorney.  The Criminal Court granted Plaintiff's request and appointed new counsel on April 18, 1996.   On August 29, 1997, Plaintiff filed this legal malpractice action against Defendant in Chancery Court asking for damages of $730,000.  Defendant filed a Motion for Summary Judgment asserting that there are no genuine issues of material fact and that the one-year statute of limitations for attorney malpractice claims bars Plaintiff's claim.  The Chancellor granted Defendant's Motion for Summary Judgment and dismissed Plaintiff's Complaint.  We affirm.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Kenneth L. Storey, Henning, Tennessee, Pro Se.

David J. Poss, Knoxville, Tennessee, Pro Se.

**OPINION**

**Background**

        Kenneth L. Storey, Plaintiff, was arrested on August 4, 1995 in Knox County and charged with aggravated rape.  The arresting officer observed the acts resulting in the criminal charge. On August 19, 1995, the Knox County General Sessions Court appointed Defendant, David

J. Poss, to represent Plaintiff. Defendant met with Plaintiff and advised him of the nature of the charges, the evidence, and the expected testimony of the victim, witnesses and two arresting officers. On September 1, 1995, the preliminary hearing was held in General Sessions Court. Defendant represented Plaintiff at that hearing. The victim, witnesses, and arresting officers testified. The Court found that probable cause existed to believe that Plaintiff committed the offense of aggravated rape and ordered that Plaintiff be bound over to the grand jury.

Plaintiff was subsequently arraigned in April 1996, and at that hearing, Plaintiff requested that other counsel represent him. The Trial Court excused Defendant from representing Plaintiff and appointed substitute counsel on April 18, 1996.

On August 29, 1997, Plaintiff filed this suit against Defendant for legal malpractice. Defendant Answered that he was court-appointed to represent the Plaintiff on an Aggravated Rape Warrant and that Plaintiff received a preliminary hearing, but denied all other allegations in the Complaint and asked the Court to dismiss the Complaint. On April 22, 1999, Defendant filed a Motion for Summary Judgment pursuant to Rule 56 of the Tennessee Rules of Civil Procedure, stating that there exist no material facts for trial and that Defendant had no attorney/client relationship with Plaintiff within one year of the filing of Plaintiff's cause of action. The Trial Court found the Defendant's Motion to be well taken and dismissed Plaintiff's Complaint. Plaintiff appeals.

## Discussion

The standards governing an appellate court's review of a motion for summary judgment are well settled:

> Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown,* 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.03 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see, Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.,* 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.,* 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall,* 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer,* 952 S.W.2d 423. 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d at 588; *Robinson v. Omer,* 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.[1]

The standards governing the assessment of evidence in the summary judgment context are also well established. Court must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer,* 952 S.W.2d at 426; *Byrd v. Hall,* 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples v. CBL & Associates, Inc.,* 15 S.W.3d 83, 88 (Tenn. 2000).

In this case, Defendant filed a Motion for Summary Judgment asserting that there are no genuine issues of material fact. That Motion was accompanied by a Statement of Material Facts sworn to by the Defendant. The Statement of Material Facts details that Defendant represented Plaintiff at his preliminary hearing; the case was bound over to the grand jury; at Plaintiff's arraignment in Criminal Court, Plaintiff requested that Defendant be dismissed as his attorney and that another attorney be appointed to represent him; the Trial Court granted Plaintiff's request; and Defendant had no attorney/client relationship with Plaintiff within one year of the filing of Defendant's suit in Chancery Court. The record reveals that the material facts are undisputed. In fact, Plaintiff in his opposition to Defendant's summary judgment motion agreed that Defendant had no attorney/client relationship with Plaintiff within one year of Plaintiff's suit being filed. Plaintiff in his opposition also admits that he may have been aware of Defendant's alleged negligence as early as May 14, 1996.

The statute of limitations for malpractice actions against attorneys is addressed in Tenn. Code Ann. § 28-3-104, which provides:

---

[1] A non-moving party may satisfy his or her burden by (1) pointing to evidence overlooked or ignored by the moving party that establishes a material factual dispute, (2) by rehabilitating the evidence attacked in the moving party's papers, (3) by producing additional evidence showing the existence of a genuine issue for trial, or (4) submitting an affidavit explaining why further discovery is necessary as provided for in Tenn. R. Civ. P. 56.06. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d at 588; *Byrd v. Hall,* 847 S.W.2d at 215, n. 6.

**28-3-104. Personal tort actions. -** (a) The following actions shall be commenced within one (1) year after the cause of action accrued:

* * *

(2) Actions and suits against attorneys or licensed public accountants or certified public accountants for malpractice, whether the actions are grounded or based in contract or tort;

The issue of when a legal malpractice action accrues was addressed by our Supreme Court in *Carvell v. Bottoms,* 900 S.W.2d 23 (Tenn. 1995):

> The issue of when a legal malpractice action accrues for statute of limitations purposes is governed by a specific formulation of the "discovery rule" applicable to such actions.
> * * *
> [T]he "legal malpractice discovery rule" is composed of two distinct elements: (1) the plaintiff must suffer . . . an "irremediable injury" as a result of the defendant's negligence; and (2) the plaintiff must have known or in the exercise of reasonable diligence should have known that this injury was caused by defendant's negligence.

*Carvell v. Bottoms,* 900 S.W.2d 23, 28 (Tenn. 1995)

In this case, Plaintiff alleges irremediable injury as a result of Defendant's alleged negligent representation before and during his preliminary hearing. The result of that hearing was immediately known to Plaintiff. Plaintiff was bound over to the grand jury on September 1, 1995. Defendant was excused from further representation of Plaintiff on April 18, 1996. Plaintiff filed this Complaint for legal malpractice on August 29, 1997. We find the Trial Court did not err in dismissing Plaintiff's Complaint because the Complaint was filed more than one year from the date by which Plaintiff knew or should have known that he suffered an irremediable injury as a result of Defendant's alleged negligence.

## CONCLUSION

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellant, Kenneth L. Storey.

_____
D. MICHAEL SWINEY, JUDGE