IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 26, 2004


**PHIL MITCHELL v. JOHN VAN ZYLL, ET AL.**

**Appeal from the Circuit Court for Roane County**
**No. 12741      Russell E. Simmons, Jr., Judge**

**FILED MARCH 31, 2004**

**No. E2003-01594-COA-R3-CV**

Phil Mitchell ("Plaintiff") sued his next-door neighbors, John Van Zyll ("Van Zyll") and Ann Furlong ("Furlong"), for malicious prosecution. Plaintiff alleged that Van Zyll and Furlong "caused to be issued against [him] a criminal warrant for his arrest, alleging aggravated assault and reckless endangerment." The criminal charges against Plaintiff were dismissed. Defendants filed a motion for summary judgment, which the Trial Court granted as to Furlong but denied as to Van Zyll. Plaintiff appeals the Court's ruling in favor of Furlong. We affirm.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Circuit Court Affirmed; Case Remanded**


D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, and CHARLES D. SUSANO, JR, JJ., joined.


Phil Mitchell, *pro se* Appellant.

Lisa A. Temple, Knoxville, Tennessee, for the Appellee Ann Furlong.

# OPINION

## Background

The events that initiated this lawsuit began on January 16, 2002, when Plaintiff fired a gun out a window in his house, apparently in an attempt to quiet some dogs which were in a pen on Defendants' property. These neighbors apparently have a troubled history. Plaintiff's affidavit alleges that the following occurred after he discharged the gun:

> John Van Zyll entered my property without permission. Said John Van Zyll was acting in an irrational and hostile manner by both his actions and his voice.
>
> [W]hile holding a handgun by my side, I asked John Van Zyll to leave my property on numerous occasions, but he refused to leave. By his words and actions, John Van Zyll caused me to reasonably fear for my safety.
>
> That only after I threatened to call the police did John Van Zyll leave my property. . .[A]t no time did I point a gun in the direction of John Van Zyll.
>
> That I have never fired a gun in the direction of the home of John Van Zyll.
>
>         \*         \*         \*
>
> That the facts alleged by the said John Van Zyll in a criminal warrant which was taken against me are false.
>
> That at the time the events giving rise to this complaint were occurring, the Defendant Ann Furlong was nearby. . .Furlong knew that the facts alleged against me by John Van Zyll were false. The said Ann Furlong called the Roane County 911 Emergency dispatch and falsely reported that I pointed a gun at John Van Zyll. . .That the said Ann Furlong appeared in Court with John Van Zyll as a potential witness ready and willing to testify.
>
> That the said Ann Furlong had every opportunity to speak with the Roane County District Attorney's Office with respect to the false allegations being made in the criminal warrant by said John Van Zyll.

It is undisputed that Furlong called 911 to report the incident. The record contains a "Roane County E-911 incident listing" which documents the "dispatcher comments" as follows: "Fired a gun out the window, pointed a gun at John Van Zyll. Neighbor is Phil Mitchell." According to Plaintiff's brief, the police went to Defendants' house, "but never came to my house."

Van Zyll testified by affidavit the following as regards his initiation of criminal charges against Plaintiff:

> That in January, 2002, I traveled to the Roane County District Attorney General's office in Kingston, Tennessee. While acting out of fear for my safety and the safety of others, I asked the advice of an attorney in the Roane County District Attorney General's office before starting or causing to be issued against the Plaintiff, Phil Mitchell, any criminal warrant, charges, or proceedings.
>
> *　　　　*　　　　*
>
> That I then acted upon the advice of an attorney for the Roane County District Attorney General's office and caused criminal warrants to be issued against the Plaintiff, Phil Mitchell, resulting in his arrest.
>
> That I caused to be issued against the Plaintiff a criminal warrant for his arrest based upon the Plaintiff Phil Mitchell's firing of a gun in the direction of my home on numerous dates in January, 2002. . .That I further caused a criminal warrant to be issued against the Plaintiff, Phil Mitchell, based upon the fact that on January 16, 2002, the Plaintiff, Phil Mitchell, pointed a gun in the direction of my chest and stated that he would shoot me.

Furlong's affidavit states that "I have never started or caused someone else to start or issue a criminal warrant, charges, or other proceedings against the Plaintiff, Phil Mitchell." The criminal charges against Plaintiff were dismissed. Plaintiff filed his complaint alleging malicious prosecution on January 13, 2003. Both Defendants moved for summary judgment. After a hearing, the Trial Court granted Furlong summary judgment and denied Van Zyll summary judgment. Plaintiff appeals the Trial Court's ruling in favor of Furlong.[1]

---

[1]The Trial Court found and ruled in its order that "pursuant to rule 54.02 of the Tennessee Rules of Civil Procedure, that the Court hereby directs the entry of this judgment as a final judgment based upon the finding that there is no just reason for delay notwithstanding the pending claims being asserted by the Plaintiff against the Defendant John Van Zyll." Consequently, the Court's judgment in favor of Furlong is final and appealable.

**Discussion**

The standard for review of a motion for summary judgment is set forth in *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

-4-

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples*, 15 S.W.3d at 88-89 (footnote omitted).

In order to prevail on a claim of malicious prosecution, a plaintiff at trial must prove that (1) a prior suit or judicial proceeding was instituted against the plaintiff without probable cause; (2) the defendant brought such prior action with malice; and (3) the prior action was terminated in the plaintiff's favor. *Roberts v. Federal Express Corp.,* 842 S.W.2d 246, 247-48 (Tenn.1992).

We are of the opinion that, accepting every factual allegation in Plaintiff's affidavit regarding Furlong's conduct as true, such conduct is insufficient to support a claim against Furlong for malicious prosecution. There is no evidence in the record that Furlong did anything to institute the prior judicial proceeding against Plaintiff, and, the evidence in fact, shows she did not do so. The Restatement (Second) of Torts, §654 (1977) provides the following guidance on this issue:

(1) The term "criminal proceedings" includes any proceeding in which a government seeks to prosecute a person for an offense and to impose upon him a penalty of a criminal character.

(2) Criminal proceedings are instituted when (a) process is issued for the purpose of bringing the person accused of a criminal offense before an official or tribunal whose function is to determine whether he is guilty of the offense charged, or whether he shall be held for later determination of his guilt or innocence; or (b) without the issuance of process an indictment is returned or an information filed against him; or (c) he is lawfully arrested on a criminal charge.

Although Furlong placed the 911 call which resulted in the initial police response, it is undisputed that Plaintiff neither was arrested nor had a judicial proceeding instituted against him as a result of this call. As noted above, Plaintiff's brief states that the police never came to his house at that time, but that they remained at Defendants' residence while investigating. Copies of the criminal warrants which Van Zyll admits causing to be issued against Plaintiff are not included in the record. It is undisputed, however, that only Van Zyll's name appears on the warrants, and not that of Furlong. We agree with the Trial Court that the evidence, when taken in a light most

favorable to Plaintiff, can permit a reasonable person to reach only the conclusion that Furlong did not institute or bring the criminal proceedings against Plaintiff, and thus Plaintiff's malicious prosecution claim against Furlong must fail as she has negated this essential element of Plaintiff's claim against her.

## **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Phil Mitchell, and his surety, if any.

_____
D. MICHAEL SWINEY, JUDGE