IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 15, 2005 Session

## AMSOUTH BANK v. DOUGLAS A. SOLTIS, ET AL.

**Appeal from the Chancery Court for Sevier County**
**No. 04-7-305     Telford E. Forgety, Jr., Chancellor**

_____

**No. E2005-00452-COA-R3-CV - FILED DECEMBER 29, 2005**

_____

This is a suit for collection of a credit card debt. AmSouth Bank ("AmSouth") filed a complaint on a sworn account seeking a judgment against Mr. and Mrs. Soltis for the unpaid balance on three credit card accounts. Mr. and Mrs. Soltis answered and denied AmSouth was entitled to any relief. AmSouth filed a motion for summary judgment. Mr. and Mrs. Soltis responded by filing three documents entitled "Verified Application to Confirm and Enforce Arbitration Award" and three "Award" documents indicating that AmSouth Bank owed Mr. and Mrs. Soltis money. The parties had not agreed to arbitration and had not participated in arbitration. The trial court granted AmSouth's motion for summary judgment and Mr. and Mrs. Soltis appealed. The issue presented on appeal is whether the trial court erred in granting AmSouth's motion for summary judgment and in entering judgment against Mr. and Mrs. Soltis. After careful review of the record and applicable authorities, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Cause Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Douglas A. Soltis and Bonnie Soltis, Seymour, Tennessee, Appellants, *Pro Se*.

Christopher W. Conner at trial, Lars E. Schuller and Ailsa Peppel Schuller on appeal, Knoxville, Tennessee, for the Appellee.

## OPINION

### I.

AmSouth Bank ("AmSouth") filed a complaint and sworn account on July 15, 2004, alleging that AmSouth had provided services and merchandise to Mr. and Mrs. Soltis and sought a judgment

for the unpaid balance on the accounts plus interest and attorney fees. Mr. and Mrs. Soltis filed a verified answer denying the debt. AmSouth filed a motion for summary judgment supported by affidavits and a statement of undisputed facts which provided the following: (1) Mr. and Mrs. Soltis maintained three credit accounts with AmSouth and had charged various goods and services on the account over a period of years, but had failed to remit the required payments as and when they were due; (2) Mr. and Mrs. Soltis were indebted to AmSouth on the accounts in the amount of $25,849.15; (3) AmSouth had made no agreement with Mr. and Mrs. Soltis to submit any disputes regarding the accounts to arbitration before the National Arbitration Council; (4) AmSouth was not a member institution with the National Arbitration Council; and (5) AmSouth was not present at any arbitration hearing with Mr. and Mrs. Soltis. In response to the motion, Mr. and Mrs. Soltis filed three documents entitled "VERIFIED APPLICATION TO CONFIRM AND ENFORCE ARBITRATION AWARD" and three documents entitled "AWARD" signed by "Charles S. Morgan, Committee Chairman, National Arbitration Council." The first "AWARD" document provided in pertinent part:

AWARD

Having carefully considered the evidence and the arguments of the parties on the issue, it is the decision of the Arbiter that this award is issued in favor of DOUGLAS AND BONNIE SOLTIS; Claimant.

Let it be known that DOUGLAS AND BONNIE SOLTIS, Claimant, prevails on all allegations. That AMSOUTH BANK, Respondent, failed to carry the burden of proof.

.   .   .

That on or before JUNE 17, 2003, the parties entered into an agreement providing that any disputes that arise shall be arbitrated. This matter has been resolved in accordance with the National Arbitration Council arbitration procedures.

That the Claimant has filed a claim with the National Arbitration Council and has served it on the Respondent.

That the Respondent was served with Notice of Arbitration, Demand for Arbitration and Initial Claim by the National Arbitration Council.

That the parties have had the opportunity to present all evidence and information to the Arbitration Committee.

Be it known that the Arbitration Committee, afer carefully reviewing the Demand for Arbitration, the Initial Claim and the documents

submitted together with the evidence and information, ... this day has unanimously adjudged this arbitration award in favor of DOUGLAS AND BONNIE SOLTIS, Claimant, and against AMSOUTH BANK, Respondent, for damages, cost and fees not exceeding $5,170.00 which shall accrue interest at the legal mandated rate on all money thus owed to DOUGLAS AND BONNIE SOLTIS from this day.

The prevailing party, DOUGLAS AND BONNIE SOLTIS, is entitled to have their debt paid immediately upon demand and notification.

.    .    .    .

It is so ordered.

Charles S. Morgan   /s/_____   Dated AUGUST 8, 2003.
Committee Chairman, National Arbitration Council

[Numbering in original omitted]

The second and third "AWARDS" were identical except they provided for awards in the amount of $2,670.00 and $10,170.00 for a total of $ 18,540.00.

On January 18, 2005, the trial court issued an order granting AmSouth's motion for summary judgment and entering judgment against Mr. and Mrs. Soltis in the amount of $ 21,144.16. Mr. and Mrs. Soltis appeal this decision.

II.

The issue we must resolve is whether the trial court erred in granting the motion for summary judgment filed by AmSouth. On appeal, Mr. and Mrs. Soltis argue the "application" and "award" documents they filed in response to the motion for summary judgment were sufficient to show that the dispute between the parties was arbitrated, the decision of the arbiter was final and binding on the parties, and the trial court erred in not enforcing the arbitration award. AmSouth argues, *inter alia*, that the response of Mr. and Mrs. Soltis to the motion for summary judgment did not comply with Tenn. R. Civ P. 56 and that the trial court did not err in entering judgment against Mr. and Mrs. Soltis.

Our standard of review of an award for summary judgment is well-settled. Our inquiry involves purely a question of law, with no presumption of correctness as to the trial court's decision. Our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to

the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215, *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). The non-moving party may not simply rest upon the pleadings, but must offer proof by affidavits or other discovery materials (depositions, answers to interrogatories, and admission on file) provided by Rule 56.06 showing that there is a genuine issue for trial. If the non-moving party does not so respond, then summary judgment, if appropriate, shall be entered against the non-moving party. Tenn. R. Civ. P. 56.06.

AmSouth filed a motion for summary judgment properly supported by affidavits that established a valid debt owed by Mr. and Mrs. Soltis to AmSouth. The burden then shifted to Mr. and Mrs. Soltis, not to rest on their answer to the complaint, but to demonstrate by affidavits or discovery materials that there was a genuine, material factual dispute. *Byrd v. Hall,* 847 S.W. 2d 208, 211 (Tenn. 1993)*.* Mr. and Mrs. Soltis did not file an affidavit nor any of the discovery materials provided for in Tenn. R. Civ. P. 56.06. They did file documents indicating they had requested AmSouth to participate in arbitration and the resulting purported arbitration awards. These documents, even assuming their validity, were not sufficient to create a genuine issue of material fact.[1] The documents did not contain information that was admissible into evidence and were neither affidavits based upon personal knowledge, nor depositions, answers to interrogatories nor admissions on file as required by Rule 56. Based upon the properly supported motion of AmSouth and the failure of Mr. and Mrs. Soltis to file a proper response in compliance with Tenn. R. Civ. P. 56, the trial court properly granted AmSouth's motion for summary judgment.

Finding no error in the trial court's grant of summary judgment, we affirm the decision of the trial court and assess the costs to Douglas A. Soltis and Bonnie Soltis, and their surety, if applicable, for which execution may issue if necessary.

---

[1]We note that the "arbitration awards" relied on by Mr. and Mrs. Soltis appeared to be the same as the "arbitration awards" considered by the United States District Court for the Middle District of Florida in *Chase Manhattan Bank USA, N.A. v. National Arbitration Council, Inc,* 2005 WL 1270504 (M.D. Fla. May 25, 2005). In *Chase*, the federal district court found that in March of 2003, Chase began receiving letters titled as "notices" and "demands" for arbitration from credit card customers stating that Chase had agreed to arbitrate disputes under the Rules of the National Arbitration Council (NAC). Despite Chase having not agreed, NAC had issued approximately 114 "arbitration awards" ordering Chase to pay almost $1.25 million in damages to cardholders. Chase never participated in any arbitration conducted by NAC or Charles Morgan. The "awards" issued against Chase were always in the exact amount requested by the claimant cardholder and were the amount of the cardholder's outstanding credit card debt owed to Chase plus NAC's $170 fee. The Court, citing, among other reasons, a need to protect Chase cardholders from paying for and participating in invalid NAC arbitration proceedings, issued an injunction which, among other things, enjoined NAC from conducting any arbitration proceedings involving Chase, from issuing any arbitration awards involving Chase, and from accepting any money from cardholders of Chase for arbitration services.

_____
SHARON G. LEE, JUDGE