Ada Chappell

.v.

Ivy Dawson et al.

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

WITT, GAITHER, ABERNATHY & FINLAY, Chattanooga, for complainant.

DIETZEN, GRAHAM & DIETZEN, Chattanooga, for defendants.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The complainant, Ada Chappell, filed her original bill in the Chancery Court of Hamilton County, charging that she and one Earvin Pierce had lived together for

several years in Hamilton County, although not legally married, and were so living together on September 21, 1946, when Earvin Pierce died. As a result of this relationship she and the said Earvin Pierce had one child, Earvin Pierce, Jr., who is about two years of age.

Prior to his death Pierce had purchased a lot from one Annie Mae Carmichael, and upon this lot had erected a building at a cost of approximately $5,000. The bill charges that complainant paid for the erection of this building, and that the said Earvin Pierce had the deed to the property made to him, all without her knowledge and consent. The deceased left no estate in personalty. The bill seeks a decree against the heirs of Earvin Pierce declaring and imposing upon the property a resulting trust in her favor and also for the benefit of her infant child as against the rights of the heirs of Earvin Pierce deceased.

The defendants demurred to the bill upon the following grounds:

(1) There is no equity on the face of the bill.

(2) The bill fails to state a cause of action.

(3) The bill shows upon its face that complainant comes into court with unclean hands.

(4) "Defendants plead the defense of Laches for the reason that complainant, although she had knowledge of the fact that title to the property in question was in the name of the deceased, Earvin Pierce, she failed and neglected to take any steps to assert the rights which she now alleges until after the death of said Pierce and after title to said property was vested in these defendants."

(5) "The bill shows upon its face that the nature of complainant's claim is for money owed and, therefore, such claim could not be made against the defendants who are heirs at law of the deceased Pierce, but would have to be asserted in a suit against the administrator of the estate of the decedent, because these defendants who are merely heirs at law are in nowise responsible for the personal indebtedness of their ancestor, the decedent Earvin Pierce."

The Chancellor sustained each and every ground of the demurrer, and complainant has appealed. The assignments of error question the Chancellor's decree in all respects.

The two determinative issues are (1) is complainant in court with unclean hands and (2) is she entitled to have a resulting trust declared upon the property in favor of herself and the infant child of the deceased as against the rights of the heirs who have title by descent?

The doctrine of "unclean hands" when invoked to any suit in equity must relate to the particular transaction which is the subject of the litigation. The controlling principle is thus stated in Gibson's Suits in Chancery (Section 42, 3d. Ed. by Chambliss): "But the operation of the maxim is confined to misconduct connected with the particular matter in litigation; and does not extend to any misconduct, however gross, which is unconnected therewith, and with which the defendant is not concerned."

The leading case, cited in the footnote in support of the text is *Overton v. Lewis,* 152 Tenn. 500, 279 S.W. 801, 802, where a gift of an automobile was questioned on the ground that the parties had been guilty of immoral con-

duct. The complainant was alleged to have had immoral relations with one Eva Lewis, who claimed the car as a gift. In discussing this disputed issue of fact the Court said:

"* * * There was no use of this car by petitioner for immoral purposes, there was no gift of it to appellant Eva Lewis, and there is nothing in this automobile transaction connecting it directly with the guilt of these parties, although their past relationship was unclean and immoral.

&ast; &ast; &ast; &ast; &ast; &ast;

" 'The misconduct which falls within this maxim must have infected the cause of action, so that to entertain it would be violative of conscience. It must relate directly to the very transaction concerning which complaint is made, and not merely the general morals or conduct of the person seeking relief.' 21 C.J., p. 187 sec. 173, and cases cited."

The immoral conduct of the complainant in living with the deceased, and bearing him a child, was collateral to the transaction involved in this law suit. The demurrer admits that complainant furnished a part payment of the purchase price of the lot in the sum of $112.50 and later the sum of $5,000 necessary to erect the building. The advancement of these sums of money was not in consideration of any unlawful relationship between the parties.

The complainant will not be penalized because she did not have the foresight to protect herself by having

the deed of conveyance made to her. Nor will a court of equity repel her on the ground that her claim should be asserted against the estate of the deceased when it appears he left no personal estate.

The defendants are in no position to plead *laches* against the complainant since the alleged delay in bringing this suit has not prejudiced their rights in any way. Moreover the record before us shows no delay in instituting this suit.

We think the learned Chancellor erred in not holding that the defendants held the property in trust for the complainant, she having paid the entire purchase price of the property in question. A contrary decision would result in the unjust enrichment of the defendants.

In Gibson's Suits in Chancery, 3d Ed., Section 930, it is said that a resulting trust arises, "Where the property is purchased and the title taken in the name of one person, but the purchase price is paid by another; and, Where the purchaser pays for the land but takes the title, in whole or in part in the name of another." The foregoing statement is supported by all authorities dealing with the question of trust relationships. It is also uniformally held that resulting trusts may be, and generally are, proved by parol evidence.

The authorities cited on the defendants' brief dealing with constructive trusts have no application to the present controversy. The bill makes no charge of fraud in the procurement of title to this property by the deceased. Nor is there a charge of any kind which would justify

the inference that it was the result of duress or other wrongful acts by the deceased in having the deed made to him rather than to the complainant.

The assignments of error are sustained. The cause is reversed and remanded for further proceedings consistent with this opinion.