IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

# JGT CORPORATION v. E. HARWELL ANDREWS, ET AL.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 98-3518-III (I)    Irvin H. Kilcrease, Jr., Chancellor**

---

**No. M1999-01395-COA-R3-CV - Decided May 5, 2000**

---

This appeal arises from a dispute over whether a commercial lease was renewed. After lessors notified lessee that the lease had not been renewed, lessee filed for declaratory judgment on the issue of whether renewal notice was given timely, asserting an alternative ground of equitable relief from performance under the "special circumstances" doctrine. Lessors asserted the equitable maxim of unclean hands, averring that lessee created false evidence to attempt to establish timely compliance with the lease renewal requirement. Both sides moved for summary judgment, and the Chancellor entered judgment for lessee based upon the finding of "special circumstances" to excuse untimely performance by lessee, noting that issues of material fact exist as to timely notice. On this appeal, lessors allege error by the Chancellor's award of equitable relief without resolving the unclean hands issue, along with error in the finding of "special circumstances," and error in denying lessors' counterclaim for breach of the implied duty of good faith and fair dealing. Because resolution of the issue of whether or not renewal notice was given timely is both necessary and dispositive of all other issues raised in this lawsuit, the order of the Chancellor awarding summary judgment to lessee is reversed, and this lawsuit remanded for trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

SWINEY, J., delivered the opinion of the court, in which GODDARD, P.J., and FRANKS, J., joined.

Paul S. Davidson, Nashville, Tennessee, and Joel T. Galanter, Nashville, Tennessee for the appellants, E. Harwell Andrews, Leila H. Fuqua, and Alexander S. Fuqua.

Richard Braun, Nashville, Tennessee, for the appellee, JGT Corporation.

## OPINION

### Background

JGT Corporation ("Plaintiff" or "Lessee") in 1991 entered into a lease concerning commercial property located in Davidson County. The property was controlled at that time by E. Harwell Andrews, Leila H. Fuqua (now deceased), and Alexander S. Fuqua ("Defendants" or

"Lessors"). Plaintiff subsequently improved the property and uses it for a business known as Jonathan's Village Café. The lease was for an initial period of seven years, with a clause governing the process for Plaintiff's option to renew the lease for two, five-year periods. The renewal process required Plaintiff to provide written notice six months prior to the expiration of the initial lease period. Defendants asserted Plaintiff failed to provide notice of intent to renew by the contractually mandated deadline. Plaintiff countered with a renewal letter allegedly sent by a third-party agent of Plaintiff to Defendants within the required time period. Defendants rejected the letter as a fabrication of Plaintiff after the renewal deadline had passed and communicated a desire to negotiate a new lease with Plaintiff. Plaintiff refused to negotiate a new lease, and filed this suit with the Chancery Court of Davidson County asking for declaratory judgment that the lease was timely renewed, or, in the alternative, for relief under the equitable doctrine of "special circumstances" from the contractual renewal provisions.

A dispute arose between Plaintiff and Defendants as to whether the renewal option was timely exercised. Plaintiff, after learning that Defendants had taken steps to list the property as available for sale or lease, averred that a third party, Hospitality Services One, had sent notice of Plaintiff's intent to renew the lease along with other correspondence prior to the six-month deadline. Hospitality Services One provided employee training and various other services to Plaintiff's restaurant. Among the services provided Plaintiff by Hospitality Services One was the totaling of income pertaining to a periodic percentage of income payment due Defendants under the lease, with Hospitality Services One sending the information, and apparently the related payment, directly to Defendants. The notice proffered by Plaintiff was in the form of a letter from Martie Marston, a principal in Hospitality Services One, addressed to Defendant Alexander Fuqua. Plaintiff alleges this letter was enclosed with the regular correspondence regarding the income-based lease payment. Defendant Fuqua acknowledged receiving the regular correspondence, but denied that the renewal letter was enclosed in the envelope he received.

Defendants averred that Plaintiff's agent's renewal letter was created after the six-month notice deadline had passed, and, therefore, Plaintiff entered into the Chancery Court with "unclean hands" through Plaintiff's reliance upon the Hospitality Services One letter as evidence of timely exercise of the renewal option. Plaintiff's Complaint sought declaratory judgment as to timely exercise of the renewal option, exhibiting the Hospitality Services One letter as evidence, and also seeking as an alternative remedy relief under the doctrine of "special circumstances" if the Chancellor found Plaintiff failed to timely renew the lease. Defendants argue that Plaintiff's claim for equitable relief is barred under the equitable doctrine of "unclean hands," averring that Plaintiff's agent's letter exhibited to the Trial Court as proof of timely renewal had been created after the renewal date had passed, and was, thereby, fraudulent.

After other pretrial actions not material to the issues on appeal, both Plaintiff and Defendants filed motions for summary judgment. The Chancellor denied Defendants' motion for summary judgment, citing procedural failure by Defendants under T.R.C.P. Rule 56 and further finding that Defendants failed to state a claim under the law. The Chancellor found that the statements of undisputed material facts filed by the parties, the respective responses thereto, and the record as a whole, established material facts in dispute as to whether the letter was timely sent by

Plaintiff and received by Defendants, thus precluding summary judgment as to that issue without addressing the Plaintiff's assertion of bar by operation of the doctrine of "unclean hands." The Chancellor did, however, grant summary judgment in favor of Plaintiff under the equitable doctrine of "special circumstances," finding that even if Plaintiff failed to meet the contractual obligation to provide renewal notice by the deadline, that such requirement would be waived under the circumstances of this matter. It is from this Order granting summary judgment to Plaintiff that Defendants appeal.

## Discussion

The Tennessee Supreme Court recently articulated our standard of review for summary judgment.

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.03 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.
>
> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.
>
> The standards governing the assessment of evidence in the summary judgment

context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

*Staples v. CBL & Associates, Inc.*, E1999-00033-SC-R11-CV, 2000 WL 291431, \*4 (Tenn. 2000).

While the parties state the issues differently, the controlling issue in this appeal is whether the Trial Court erred in granting Plaintiff summary judgment under the theory of "special circumstances" even though genuine issues of material fact existed as to whether the renewal notice letter was timely sent, or whether it was created after the renewal deadline and misrepresented to the Defendants and to the Trial Court as having been mailed timely. A determination of that issue is necessary and dispositive of this lawsuit. If it is ultimately found in favor of the Plaintiff on that issue, the renewal notice was given timely under the lease. However, if it is ultimately determined that the renewal notice letter was created after the fact and misrepresented by Plaintiff both to the Defendants and to the Trial Court, the doctrine of unclean hands prevents Plaintiff from receiving the requested equitable relief. Therefore, it is unnecessary to determine whether or not "special circumstances" existed. If it is found that this renewal notice was given timely, Plaintiff timely exercised the option. If it is found that the renewal notice was not given timely and was fraudulently misrepresented to the Defendants and to the Trial Court as having been timely created and mailed, Plaintiff is not entitled to equitable relief under the "special circumstances" doctrine.

The "unclean hands" issue is based upon Defendants' assertion that Plaintiff, and others, fabricated, after the renewal deadline ran, a letter of notice that Plaintiff intended to renew the lease of the commercial property at issue. After reviewing the affidavits, deposition transcripts, and other evidence filed by Plaintiff and Defendants in support of, and in opposition to, their respective motions for summary judgment, the Chancellor stated in the Order on appeal that ". . . the Court finds that genuine issues of material fact exists [sic] as to whether the September 24, 1998 notice letter was timely sent and received." We agree. The finding that genuine issues of material fact exist as to whether the letter was sent and received in a timely manner under the lease supports Defendants' assertion that Plaintiff's claims against them may be barred by application of the "unclean hands" doctrine. Should the proof at trial show that Plaintiff or its agent either fabricated, participated in the fabrication of or directed the fabrication of the notice letter after the date alleged, Plaintiff is precluded from seeking equitable relief under the "special circumstances" doctrine. "Once found to exist, the doctrine of unclean hands repels the unclean plaintiff at the steps of the Courthouse." *Farmers & Merchants Bank v. Templeton*, 646 S.W.2d 920, 924 (Tenn. Ct. App. 1982). However, Plaintiff's "unclean" conduct must relate to the matter in litigation for the doctrine to apply to bar equitable relief.

The doctrine of 'unclean hands' when invoked to any suit in equity must relate to the

-4-

particular transaction which is the subject of the litigation. The controlling principle is thus stated in Gibson's Suits in Chancery (Section 42, 3d. Ed. by Chambliss)[current section 18, 7th Ed., Inman]: 'But the operation of the maxim is confined to misconduct connected with the particular matter in litigation; and does not extend to any misconduct, however gross, which is unconnected therewith, and with which the defendant is not concerned.'

*Chappell v. Dawson*, 308 S.W.2d 420, 421 (Tenn. 1957).

The alleged misconduct cited by Defendants to the Trial Court and to this Court on appeal is connected with the matter in litigation so as to properly raise the issue of applying the equitable doctrine of "unclean hands" to bar Plaintiff's requested equitable relief. If the letter proffered by Plaintiff and presented to the Trial Court as evidence of its timely renewal is found to have been created after the fact as averred by Defendants, it would constitute a fraud upon the Court. If the renewal notice letter was prepared timely and mailed as represented by the Plaintiff, Plaintiff wins. If the renewal notice letter was created after the fact and misrepresented by Plaintiff to Defendants and the Trial Court as being timely created and mailed, Plaintiff is not entitled to the requested equitable relief, and Defendants win.

## CONCLUSION

The Order of the Trial Court is reversed, and this lawsuit remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to the appellee, JGT Corporation.