IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE


**EDNA BIRCHETT v. THE NASHVILLE COMPANY, INC.**


**Direct Appeal from the Circuit Court for Davidson County**
**No. 98C-1772, Thomas W. Brothers, Judge**

---

**M1999-00207-COA-R3-CV - Decided May 19, 2000**

---

By this suit the Plaintiff seeks to recover damages for retaliatory discharge because she alleges that her employer terminated her because she filed a workers' compensation suit. The Trial Court granted a summary judgment in favor of the employer and the employee appeals. We concur in the action of the Trial Court and affirm.

**Tenn.R.App.P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

GODDARD, P.J., delivered the opinion of the court, in which FRANKS and SUSANO,JJ.joined.

Donald D. Zuccarello of Nashville,Tennessee, for the Appellant

M. Clark Spoden of Nashville, Tennessee, for the Appellee


**OPINION**


The Plaintiff Edna Birchett sues her former employer, Defendant, The Nashville Company, Inc., alleging retaliatory discharge, contending she was discharged because she filed a workers' compensation case against the employer.

The Trial Court sustained the employer's motion for a summary judgment, resulting in this appeal. Mrs. Birchett raises a single issue:

WHETHER THE TRIAL COURT ERRED IN FINDING THAT THE PLAINTIFF DID NOT ESTABLISH A PRIMA FACIE CASE FOR RETALIATORY DISCHARGE.

The standard to be used in evaluating the merits of a motion for summary judgment, both in the trial court and upon appellate review, is set out in Staples v. CBL & Associates, Inc., E1999-00033-SC-R11-CV, 2000 WL 291431, *4; _____( S.W.3d._____, Tenn. 2000):

The standards governing an appellate court's review of a motion for summary judgment are well settled.  Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn.R.Civ.P.56 have been met.  *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991).  Tennessee Rule of Civil Procedure 56.03 provides that summary judgment is appropriate where:  (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a mater of law on the undisputed facts.  *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn.1993).  The moving party has the burden of proving that its motion satisfies these requirements.  *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn.1991).  When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact.  *See Byrd v. Hall*, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense.  *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.1997).  If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail.  *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426.  If the moving party successfully negates a claimed basis for the action, the

non-moving party may not simply rest upon the pleadings, but most offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-211. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

We accept as true the following facts set out in Mrs. Birchett's brief:

STATEMENT OF THE FACTS

This is a retaliatory discharge action brought by Edna Birchett, a former employee of the Appellee, the Company, which is located in Belle Meade, Davidson County, Tennessee and operates a cafeteria-style restaurant. Ms. Birchett was employed by the Company from November 6, 1966 to July 1, 1997. On November 27, 1996, Ms. Birchett suffered an accident while in the course and scope of her employment which entitled her to workers' compensation benefits. Ms. Birchett was on workers' compensation leave until April 9, 1997. When Ms. Birchett returned to work, she was unable to perform her prior duties as a cook. The Appellee placed Ms. Birchett in a different position as a food server.

On June 18, 1997, Ms. Birchett filed a lawsuit against the Company seeking workers' compensation benefits arising out of the November 27, 1996 work accident. On June 18, 1997, the Appellee sent Ms. Birchett a letter which indicated that she should contact Mickey Pope when she was released from her doctor's care so she could be placed back in her regular work schedule. Ms. Birchett's complaint was served on Henry Kendall, the registered agent for the Appellee, on June 26, 1997. Ms. Birchett responded to the June 18, 1997 letter by contacting Mr. Pope after seeing her doctor on July 1, 1997. Ms. Birchett's phone conversation with Mr. Pope on July 1, 1997 was her first contact with the Company since June 18, 1997, the date she received Mr. Pope's letter instructing her to call him after she saw her doctor.

Ms. Birchett testified that during her July 1, 1997, telephone conversation with Mr. Pope, he told her that she was terminated from the Company because "she might sue him next". Mary Neely testified that she heard the July 1, 1997, telephone conversation during which Mickey Pope told Ms. Birchett that she was terminated because "she might sue him next". Ms. Birchett testified that Ms. Neely listened to her conversation with Mr. Pope via three-way calling. Ms. Birchett's telephone bill for July 2, 1997 states that she has a three-way calling feature on her telephone. Ms. Birchett testified that she wrote notes commemorating her July 1, 1997, telephone conversation with Mr. Pope. Ms. Birchett's notes document that Mr. Pope told her he did not want her to come back to work because she might sue him next.

The Company does not have a written policy regarding absenteeism. Mickey Pope testified that the policy regarding an employee who will be absent is not a general policy and is not "cut-and-dried". Further, Ms. Birchett stated under oath that she made it her regular practice to give as much advance notice as possible of any absence from work and that she never promised to return to work and fail to do so.

Additional facts, stated in the Trial Judge's opinion are undisputed:

On July 9, 1999, the Motion of defendant The Nashville Company came for hearing before the Honorable Thomas Brothers, Circuit Judge, and upon consideration of the affidavits, depositions, briefs, and argument of counsel, the Court determined that plaintiff Edna Birchett failed to have satisfactory job performance due to her excessive absenteeism and therefore did not show that her claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate her. The mere proximity in time between defendant being served with plaintiff's workers' compensation suit and her termination is insufficient to make out a *prima facie* case when plaintiff herself cannot provide evidence of satisfactory job performance. It is undisputed that plaintiff was absent from work on the following dates: May 1, 4, 6, 13-15, 18-20, 22 and 27, and June 5 and 10-30. This is overwhelming evidence[1] that plaintiff was not performing her job satisfactorily and that excessive absenteeism was a legitimate nonpretextual nonretaliatory reason for plaintiff's discharge.

_____

[1]The proof as to this point if undisputed.

With regard to the reason for termination Mrs. Birchett testified by deposition as follows:

Q. What is it you claim the defendant did wrong, I guess, is the --
A. Well, I had to go to the doctor when I had the wreck. And then he told -- Mr. Pope told me to go to the doctor July 1st and then call him when I got back. So I called him, and then he didn't -- he said that he didn't want me back. And I kept on asking him why, and he said that, You might sue me next.
Q. What did you understand him to mean by that? Had you all been talking about lawsuits?
A. No.
Q. What did you --
A. Other than the one that I did, the one that I --
Q. Had you talked about that in that conversation? You're referring to your workers' comp?
A. No, no, no, no.
Q. That had not been brought up in the conversation?
A. No.
Q. So then out of the blue he says something about suing him, is that your testimony?
A. Because I kept on asking him two or three times, I said, You don't want me to come back, and he said, No really, at first. And then I kept -- I asked again, and then he said, No. And I waited for a few minutes. He said, You might sue me next, and --
Q. Did he give any explanation of what he meant by that?
A. Huh-uh. And I said, Okay, and hung the phone up.
Q. And this was a telephone conversation?
A. Uh-huh.
Q. And so you were not in his presence?
A. No.
Q. So did you -- did he say anything to explain that statement to you?
A. No.
Q. So you didn't know what he meant by that?
A. No.

From the above it can be seen that even when pressed Mrs. Birchett, contrary to her unverified complaint, did not testify her discharge was prompted by the workers'

compensation case she had filed, but rather because her supervisor was fearful that she might next sue him.

After reviewing the record and the appellate briefs, we conclude that the Trial Judge acted properly and his judgment is affirmed.

Before concluding, we point out that an employer is entitled to terminate an at-will employee who is unable to perform satisfactorily because of physical infirmity, even though the physical infirmity resulted from an on-the-job compensable accident.

The cause is remanded to the Trial Court for collection of the costs below. Costs of appeal are adjudged against Mrs. Birchett and her surety.