IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs November 2, 2002 Session

## CHARLES MONTAGUE  v. MICHAEL D. KELLUM

**Appeal from the Circuit Court for Washington County**
**No. 7877      Jean A. Stanley, Judge**

## FILED NOVEMBER 22, 2002

## No. E2002-01733-COA-R3-CV

This legal malpractice claim arises from the filing by attorney Michael D. Kellum ("Defendant") of an unverified post-conviction petition on behalf of Charles Montague ("Plaintiff"). The post-conviction petition was dismissed by the Criminal Court on the merits *and* because it was not verified. We vacated a previous grant of summary judgment to Defendant to allow Plaintiff time to conduct discovery. While on remand and during discovery, the Court of Criminal Appeals affirmed the dismissal of Plaintiff's post-conviction proceeding for the sole reason that the petition was unverified. Thereafter, the Trial Court again dismissed this lawsuit after concluding, *inter alia*, Plaintiff had suffered no damages. We vacate and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Circuit Court Vacated; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Charles Montague, *pro se* Appellant, Mountain City, Tennessee.

James A. Nidiffer, Johnson City, Tennessee, for the Appellee Michael D. Kellum.

## OPINION

## Background

This is the second occasion we have had the opportunity to review the dismissal of Plaintiff's legal malpractice claim. We addressed the facts in our opinion in the first appeal, from which we quote as follows:

> This appeal results from the Trial Court's granting summary judgment to Defendant. Plaintiff, who is incarcerated, filed a Complaint alleging legal malpractice stemming from Defendant's representation of him in a post-conviction proceeding. Plaintiff alleges a number of bases for his claim, including that Defendant, who was court-appointed, failed to follow the mandate of Tenn. Code Ann. § 40-30-204(e), which requires that a post-conviction petition or amended petition be verified under oath. By the time Defendant was appointed as counsel, Plaintiff, acting *pro se*, had filed a post-conviction petition which did not comply with Tenn. Code Ann. § 40-30-204(e), because it was not properly verified under oath. Defendant filed an Amended Petition ("Amended Petition") on behalf of Plaintiff which also failed to comply with Tenn. Code Ann. § 40-30-204(e), because it was not verified under oath.
>
> At the post-conviction hearing, the Criminal Court for Washington County, despite the Amended Petition's lack of statutory compliance, considered the grounds raised in the Amended Petition and dismissed Plaintiff's post-conviction claim. In its Order, the Criminal Court held that the Amended Petition did not comply with Tenn. Code Ann. § 40-30-204, because it was not verified under oath and did not state facts to support allegations that would require setting the matter for hearing. The Criminal Court held that the petition was without merit.
>
> Plaintiff filed his legal malpractice Complaint against Defendant in January 2000. Plaintiff served Defendant with Requests for Admission in April 2000. A few days later, Defendant filed his Motion to Dismiss based upon Tenn. R. Civ. P. 12(b)(6). Plaintiff then served Defendant with a pleading captioned "Motion for Production of Documents" which was essentially a Tenn. R. Civ. P. 34 Request for Production of Documents. Next, Plaintiff filed a Motion for Extension of Time to respond to Defendant's Motion to Dismiss. Although inartfully drafted, Plaintiff outlined the as-yet unanswered discovery requests as the basis of his motion. . . .

On the date that the Motion to Dismiss was set for hearing, Defendant filed a Motion for Extension of Time to respond to Plaintiff's discovery requests, asking that the time be extended until after the Trial Court decided his Motion to Dismiss. Defendant's response to the Requests for Admission was due a few days later. The Trial Court granted Defendant's Motion for Extension of Time, ordering that Plaintiff's discovery was stayed until after the Trial Court decided Defendant's Motion to Dismiss. On the same date, the Trial Court took under advisement Defendant's Motion to Dismiss. In spite of the Trial Court's order staying Plaintiff's discovery, Defendant, however, responded to Plaintiff's Request for Production of Documents in July 2000. The Requests for Admission remained unanswered by Defendant.

Before the Trial Court decided Defendant's Motion to Dismiss, Defendant asked the Trial Court to convert his Motion to Dismiss to a Motion for Summary Judgment. Defendant filed the affidavit of a local attorney in support of his Motion for Summary Judgment. The affidavit stated that it was the local attorney's opinion that Defendant did not deviate from the applicable standard of care for attorneys practicing within the local community. Defendant, in his Tenn. R. Civ. P. 56.03 Statement of Undisputed Facts, does not admit outright that he failed to prepare properly the Amended Petition but, instead, states that the trial court dismissed the Amended Petition, in part, because it was not properly sworn to.

The Trial Court granted Defendant's Motion for Summary Judgment. In its Order dismissing Plaintiff's legal malpractice claim, the Trial Court held that notwithstanding Defendant's failure to comply with Tenn. Code Ann. § 40-30-204(e), the Criminal Court found the Amended Petition to be without merit, and, therefore, Plaintiff suffered no damages from the Amended Petition not being verified under oath. The Trial Court further held that there was no proof that Defendant deviated from the applicable standard of care. Additionally, the Trial Court held that Plaintiff's Complaint was frivolous.…

*Montague v. Kellum*, No. E2000-02732-COA-R3-CV, 2001 Tenn. App. LEXIS 356 at * 1 - *6 (Tenn. Ct. App. May 17, 2001)(footnotes omitted), *no appl. per. appeal filed*.

We vacated the judgment of the Trial Court and remanded the case. In so doing, we noted we were "at a loss as to how Defendant's undisputed failure to follow the clear requirement of Tenn. Code Ann. § 40-3-204(e) . . . does not constitute a failure to comply with the applicable

standard of care." *Montague v. Kellum*, 2001 Tenn. App. LEXIS 356 at * 12. We, therefore, concluded at a minimum a genuine issue of material fact existed as to whether Defendant deviated from the applicable standard of care. We then observed there was no dispute from the record then before us that the possible violation of the applicable standard of care resulted in no damages to Plaintiff. *Montague v. Kellum*, 2001 Tenn. App. LEXIS 356 at * 13, *14. We went on to state:

> Other than that possible violation, the record contains no proof that Defendant deviated in [any] other way from the applicable standard of care.
>
> Our inquiry, however, cannot end with our review of the Trial Court's granting of Defendant's Motion for Summary Judgment based upon the record then before it. If that were the only issue on appeal, we would affirm the Trial Court. *See* Tenn. R. Civ. P. 56.04; *Madison v. Love*, 2000 WL 1036362, at *2. On appeal, Plaintiff also questions the Trial Court's order that completely blocked Plaintiff's attempts at discovery before it ruled on Defendant's Motion to Dismiss/Motion for Summary Judgment. We agree with Plaintiff that the Trial Court erred in prohibiting Plaintiff's discovery in this matter before it ruled on Defendant's motion and, we, therefore, vacate the Trial Court's grant of summary judgment.

*Montague v. Kellum*, 2001 Tenn. App. LEXIS 356 at * 14.

After the case was remanded to the Trial Court and while the parties were conducting discovery, on September 4, 2001, the Court of Criminal Appeals issued its opinion in *Montague v. State*, No. E2000-01330-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 692 (Tenn. Crim. App. Sept. 4, 2001), *no appl. perm. appeal filed*, which was the appeal of the dismissal of Plaintiff's post-conviction petition. In its order dismissing this lawsuit for the second time, the Trial Court discussed the opinion of the Court of Criminal Appeals and correctly noted:

> The Court of Criminal Appeals concluded that the post-conviction court (that is the Criminal Court for Washington County) was correct in summarily dismissing Mr. Montague's post-conviction relief petition for failing to be properly verified under oath. The Court of Criminal Appeals did not address the merits or otherwise comment on the other six findings in [the Criminal Court's] … Order of February 9, 1999.

On July 3, 2002, the Trial Court once again dismissed Plaintiff's malpractice lawsuit. In so doing, the Trial Court relied in part on the opinion of our Supreme Court in *Gibson v. Trant*, 58 S.W.3d 103 (Tenn. 2001), which held that a criminal defendant must obtain post-conviction relief in order to maintain a legal malpractice action against his defense lawyer. Because Plaintiff did not

obtain post-conviction relief, and further relying on our earlier Opinion to the effect that Plaintiff had not proven any damages, the Trial Court determined Defendant's motion to dismiss should be granted. This appeal followed.

### Discussion

Since matters outside the pleadings were considered by the Trial Court when it granted Defendant's motion to dismiss, we will treat Defendant's motion as a motion for summary judgment in accordance with Rule 12.02.[1] The standard for review of a motion for summary judgment is set forth in *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.
>
> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998);

---

[1] In relevant part, Rule 12.02 provides that if, "on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

*Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples*, 15 S.W.3d at 88-89. A fact is "material" for summary judgment purposes, if it "must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999)(quoting *Byrd v. Hall*, 847 S.W.2d at 211).

In order to make out a prima facie legal malpractice claim, a plaintiff must show: (1) that the accused attorney owed a duty to the plaintiff; (2) that the attorney breached that duty; (3) that the plaintiff suffered damages; (4) that the breach was the cause in fact of the plaintiff's damages; and (5) that the attorney's negligence was the proximate, or legal, cause of the plaintiff's damages. *See Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001). One of the reasons the Trial Court dismissed this lawsuit was because it concluded Plaintiff could not prove he was damaged by Defendant's claimed malpractice. In other words, the Trial Court held Defendant had negated an essential element of Plaintiff's claim, i.e., that Plaintiff had suffered damages as a result of Defendant's alleged malpractice.

As previously indicated, and unfortunately so for Defendant, after we issued our first Opinion and while this case was on remand, the dismissal of Plaintiff's post-conviction petition was appealed to the Court of Criminal Appeals. The Court of Criminal Appeals declined to address the merits of the post-conviction petition and affirmed the Criminal Court's dismissal of the post-conviction petition "for failing to be properly verified under oath." *Montague v. State*, No. E2000-01330-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 692 at *1 (Tenn. Crim. App. Sept. 4, 2001). Therefore, because Defendant did not file a verified post-conviction petition, Plaintiff did not have appellate review by the Court of Criminal Appeals of the dismissal of the petition on the merits as

raised in the petition. The question in our review of this grant of summary judgment then becomes whether or not Defendant successfully negated that essential element, i.e. damages, of Plaintiff's claim. A fact that now must be considered in arriving at this resolution is the decision by the Court of Criminal Appeals to affirm the Criminal Court's dismissal of the post-conviction petition "for failing to be properly verified under oath." In short, the Court of Criminal Appeals never addressed, and it had no need to address, the merits of the post-conviction petition. The Trial Court acknowledged this fact in its discussion of the Court of Criminal Appeals' Opinion. This decision by the Court of Criminal Appeals was not a part of the record before us in the first appeal.

We believe the outcome of this appeal is determined by the Supreme Court's opinion in *Gibson v. Trant*, 58 S.W.3d 103 (Tenn. 2001), which held that a criminal defendant must obtain post-conviction relief in order to maintain a legal malpractice action against his defense lawyer. In so doing, the *Gibson* Court agreed with the "large majority of courts . . . [which have] held that some form of exoneration is a precondition to maintaining a criminal malpractice claim. A plaintiff must meet this exoneration requirement before he can sue his defense lawyer." *Gibson*, 58 S.W.3d at 108. The Court set forth numerous policy reasons to support its conclusion. The Court observed that criminal convictions were not designed to be tested in the civil tort arena for two reasons. First, depending on the relief which was sought, an award of damages may necessarily imply that the criminal courts reviewing the conviction erred. Second, the criminal justice system itself provides adequate systems and safeguards to prevent a wrongly accused defendant from suffering undeserved criminal penalties. *Id*. at 112, 113. The Court went on to add:

> The purpose of post-conviction, after all, is to prevent the wrongly accused and unjustly convicted from suffering undeserved criminal penalties, and to enforce the constitutional guarantees of a fair trial. Tort law cannot possibly serve these ends. It is therefore reasonable and fair to require criminal defendants to look to the legal process designed to provide redress for wrongful convictions, and then to respect the outcome of that process once it has concluded. As one court has concisely stated, "it is the public policy of this state to treat any person who has been convicted of any criminal offense as validly convicted unless and until the person's conviction has been reversed...." *Stevens*, 851 P.2d at 561.

*Gibson*, 58 S.W.3d at 113 (quoting *Stevens v. Bispham,* 316 Or. 221, 851 P.2d 556 (1993)).

In this appeal, Plaintiff argues *Gibson* does not apply because *Gibson* addressed alleged legal malpractice at the trial stage, whereas the present case is concerned with alleged legal malpractice at the post-conviction stage. While we agree *Gibson* does not apply as easily to the present case because we are confronted with alleged malpractice at the post-conviction stage, we nevertheless believe *Gibson* controls. The policy considerations expressed in *Gibson* are equally as applicable no matter what stage the alleged legal malpractice occurred. Plaintiff could, and did, file a *habeas corpus* proceeding in federal court challenging the validity of his conviction. In light of

the numerous policy considerations set forth in *Gibson*, most, if not all, of which are equally as compelling in this case, we hold Plaintiff must obtain exoneration either in the federal *habeas corpus* proceeding or in his criminal case proceedings before he can maintain the present legal malpractice action.

The final issue on appeal is Plaintiff's argument the Trial Court erred in not staying the legal malpractice suit until resolution of his *habeas corpus* proceeding in federal court. We agree with Plaintiff on this issue. In *Gibson*, the Court stated that if a criminal legal malpractice claim cannot be dismissed on the pleadings or on summary judgment, the trial court "must await the outcome of the post-conviction proceeding before deciding whether the case should go to a jury." *Gibson*, 58 S.W.3d at 117. We believe this holding in *Gibson* requires the Trial Court await the outcome of any pending post conviction proceeding but not potential or possible post-conviction proceeding yet to be filed. On remand, this case must be stayed pending resolution of the pending federal *habeas corpus* proceeding. If Plaintiff obtains no exoneration in that proceeding, the present case should be dismissed.

## Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for such further proceedings as required consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellee, Michael D. Kellum.

_____
D. MICHAEL SWINEY, JUDGE