IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 9, 2002 Session

# MORTGAGE MANAGEMENT, INC. v.
# ELLER MEDIA COMPANY

**Appeal from the Chancery Court for Hamilton County**
**No. 99-0915    Howell N. Peoples, Chancellor**

## FILED FEBRUARY 3, 2003

### No. E2001-3099-COA-R3-CV

Mortgage Management Inc. ("Mortgage Management") sued Eller Media Company ("Eller") claiming ownership of two billboards located on land purchased by Mortgage Management. Mortgage Management filed a motion for partial summary judgment and submitted proof showing it had purchased the land upon which the billboards were located at a foreclosure sale in 1993. Eller responded to the motion for partial summary judgment by claiming it was the owner of the billboards and submitting proof in support of its position. The Trial Court granted Mortgage Management's motion for partial summary judgment and, after a trial on damages, awarded Mortgage Management a judgment in the amount of $149,721.14. We hold there is a genuine issue of material fact with regard to who owns the billboards. Therefore, we vacate the judgment and remand this case to the Trial Court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
### Chancery Court Vacated; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Arvin H. Reingold, Chattanooga, Tennessee, for the Appellant Eller Media Company.

Hugh J. Moore, Jr., and Douglas E. Peck, Chattanooga, Tennessee, for the Appellee Mortgage Management, Inc.

## OPINION

## Background

This lawsuit arises over a dispute regarding which party owns two billboards located in Chattanooga. The complaint was filed in August of 1999 by Mortgage Management against Eller. In its Complaint, Mortgage Management claimed it purchased a tract of land containing three lots at a foreclosure sale on September 17, 1993. Mortgage Management later sold one of the three lots, but retained possession of the lots upon which the two billboards at issue are located. Mortgage Management asserted the billboards were constructed and used by Peterson Outdoor Advertising Corporation ("POA"), Eller's predecessor, prior to September 17, 1993, the date Mortgage Management acquired at a foreclosure sale the real estate upon which the two billboards sit. Mortgage Management claimed that the property it purchased at this foreclosure sale included the billboards. Mortgage Management claimed Eller continued to use the billboards without its permission and that Eller obtained rental revenue from third parties for their use of the billboards. Mortgage Management sought recovery of this revenue received by Eller and the reasonable rental value of the billboards. Eller essentially claimed ownership of the billboards, denied Mortgage Management owned the billboards, and otherwise generally denied the pertinent allegations contained in the complaint.

Mortgage Management filed a motion for partial summary judgment and attached the affidavit of Sushan Anand ("Anand"), the President of Mortgage Management. According to Anand, Mortgage Management purchased the real property upon which the billboards are located at a foreclosure sale on September 17, 1993. Anand claimed Mortgage Management owned the billboards by virtue of the Substitute Trustee's Deed it obtained at foreclosure. The Substitute Trustee's Deed provided that the Trustee:

> does hereby grant … and convey unto Grantee the Property to have and to hold the same, together with all hereditaments, improvements, buildings, easement and appurtenances thereon and thereunto belonging and appertaining, in fee simple forever, and free from right and equity of redemption, homestead, dower and all exemptions of any kind in the makers of the aforesaid Deed of Trust, and all persons claiming through and under such makers but subject, however, to (i) all applicable unpaid taxes, and to (ii) all applicable liens, leases, mortgages or deeds of trust, agreements, easements, and restrictions of record, if any, prior to the date of which the said Deed of Trust was recorded in Hamilton County.…

Eller eventually responded to the motion for partial summary judgment by filing the affidavit of Arvin H. Reingold. According to Reingold, he served as counsel for Turner Advertising Company when it purchased Tennessee Valley Outdoor in the 1960's. The assets of Turner Advertising Company were sold to POA in 1982, with the closing of the asset purchase taking place

in Reingold's law office. At that point, Reingold became counsel for POA. As counsel for POA, Reingold claims to have entered into negotiations with Sushan Anand's attorney regarding Anand's desire to purchase the two billboards at issue. Reingold further stated he participated in the preparation of documents wherein Turner Outdoor Advertising Company entered into a ground lease for the billboards with the former owner of the Ramada Inn. This lease later was assigned from Turner Outdoor Advertising Company to POA during the asset purchase. Reingold then stated:

> As counsel for Turner Advertising Company in Chattanooga, its successor to its assets in Chattanooga, Peterson Outdoor Advertising Corporation (POA), Universal Outdoor Inc., and Eller Media, Inc., I have personal knowledge that the two outdoor advertising structures located upon the property of Mortgage Management, Inc. has always been the personal property of Turner, Peterson, Universal and Eller, as a result of the sale of assets of Turner to Peterson, and the purchase of the outstanding capital stock of Peterson by Universal and the merger of Universal with Eller Media. As a result of the sale of assets from Turner to Peterson and the mergers abovementioned all assets owned by Peterson are now owned and operated by defendant, Eller Media.

Eller also filed the affidavit of Laura C. Toncheff, ("Toncheff") the Senior Vice President and General Counsel of Eller Media. According to Toncheff, Universal Outdoor, Inc., purchased the outstanding capital stock of POA in October of 1996. Toncheff went on to add that:

> Universal Outdoor Holdings, Inc., the corporate parent of Universal, merged with Eller Media on December 31, 1998, with Eller Media being the surviving corporation. As a result of this merger, Eller Media became the corporate parent of Universal.… All assets still legally titled to POA and Universal are now operated by Eller Media.

The exhibits in the record include, among other things, the Agreement of Purchase and Sale wherein POA purchased the assets of Turner Advertising Company, as well as a lease between POA and Ramada Inn of Chattanooga purportedly leasing the billboards from April 1, 1990 through March 31, 1995. In this lease, the Ramada Inn apparently used one side of a billboard for free and, in return, allowed the remaining billboard use to take place on its land. Also in the record is a facsimile dated January 25, 1994, from POA to Anand which included a copy of the Sign Lease between POA and Ramada Inn of Chattanooga. After receiving this facsimile, attorney Jack Morrison informed POA via letter dated February 1, 1994, that his client's purchase of the real estate at foreclosure effectively terminated the lease. Reingold discusses, in his affidavit, this letter from attorney Morrison. After claiming the lease was no longer in effect, attorney Morrison gave POA two options: to sell Anand the billboards or remove them from the property. It is noteworthy that attorney Morrison's demand that POA either sell the billboards to Anand or remove the billboards

occurred several months *after* Mortgage Management now claims to have purchased the billboards at foreclosure.

The Trial Court granted Mortgage Management's motion for partial summary judgment, concluding the undisputed material facts demonstrated Mortgage Management was the owner of the billboards. The Trial Court's final order on the motion for partial summary judgment was entered on June 22, 2001. This order was entered after Eller filed a motion and an amended motion for rehearing on the motion for summary judgment. The Trial Court specifically stated it considered those motions and the affidavits that accompanied them, as well as the affidavits and exhibits previously filed with the Trial Court, in arriving at its decision. A trial was held on the issue of damages, after which the Trial Court awarded damages in the amount of $149,721.14. Eller appeals, challenging the grant of partial summary judgment to Mortgage Management as well as the amount of damages awarded. Mortgage Management appeals, claiming the amount of damages it was awarded is inadequate.

## Discussion

The standard for review of a motion for summary judgment is set forth in *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples*, 15 S.W.3d at 88-89. A fact is "material" for summary judgment purposes, if it "must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999)(quoting *Byrd v. Hall*, 847 S.W.2d at 211).

Mortgage Management claims it purchased the land and the billboards at the foreclosure sale in 1993. Mortgage Management did not, however, offer any proof establishing that the entity who owned the land that was foreclosed upon also owned the billboards or that the billboards were otherwise properly included in the conveyance. If the land owner did not own or otherwise have the right to convey the billboards, then the billboards could not be sold at foreclosure regardless of the language used in the Substitute Trustee's Deed. It also is inconsistent for Mortgage Management now to claim it purchased the billboards in 1993, while it earlier insisted, through attorney Morrison's letter in 1994, that Eller either sell the two billboards to Anand or promptly remove the signs from the premises.

In its motion for partial summary judgment, Mortgage Management offered as proof the Substitute Trustee's Deed. Since no proof was offered by Mortgage Management that the owner of the land foreclosed upon either owned or had authority to convey the billboards, it is doubtful whether Eller's duty to establish a genuine issue of material fact ever was triggered. Nevertheless,

Eller offered proof of its ownership of the billboards through its chain of title and Morrison's 1994 letter. On appeal of this partial summary judgment, we must treat the evidence offered by Eller in "the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor." *Staples*, 15 S.W.3d at 89. Eller satisfied its burden to produce evidence which, when taken in the light most favorable to it, established the existence of a genuine issue for trial, specifically whether Eller or the owner of the land foreclosed upon owned the billboards at the time of the foreclosure and, correspondingly, who was the owner at the time of trial. While we express no opinion on which entity owns the billboards, we nevertheless conclude Eller offered proof sufficient to establish a genuine issue of material fact on this issue. Accordingly, the grant of partial summary judgment to Mortgage Management is vacated. The partial summary judgment having been vacated, the judgment granted Mortgage Management against Eller in the amount of $149,721.14 plus costs is vacated. The remaining issues pertaining to damages are pretermitted.

## Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion. Costs on appeal are assessed against the Appellee, Mortgage Management, Inc.

_____
D. MICHAEL SWINEY, JUDGE