# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Brief September 19, 2003

## LARRY JOE MANUS v. COUNTY OF OBION FACILITY ADMINISTRATOR WILLIAM SUDBURY, ET AL.

**Direct Appeal from the Circuit Court for Obion County**
**No. 2-11     William B. Acree, Jr., Judge**

––––––––––––

**No. W2003-00447-COA-R3-CV - Filed December 3, 2003**

––––––––––––

The Plaintiff broke a tooth while an inmate in the Obion County Jail. He sued the Defendants alleging that he was deprived of medical care. The trial court granted the Defendants' motion for summary judgment and Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Larry Joe Manus, *Pro Se*.

James I. Pentecost and Brandon O. Gibson, Jackson, Tennessee, for the appellees, William Sudbury and Sheriff Danny Cunningham.

## OPINION

The plaintiff, Larry Joe Manus, sued William Sudbury and Obion County Sheriff Danny Cunningham alleging that, while an inmate in the Obion County Jail, he was deprived of medical care when he broke a tooth while eating. Mr. Sudbury is identified in the Complaint as County of Obion Facility Administrator.[1] The Defendants filed a notice of removal to the United States District Court for the Western District of Tennessee, Eastern Division, stating that Plaintiff alleges denial of medical care and claims that the Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment, along with his state tort claims. An order was entered by the United States District Court which states as follows:

––––––––––––

[1] In his affidavit, Mr. Sudbury states that "at all times pertinent, I was the Chief Jail Administrator of the Obion County Jail."

IT IS HEREBY ORDERED that pursuant to Defendants Response to Plaintiff's Objection to the Notice of Removal and Plaintiff's Request to Strike Paragraph Fifteen (15) from Plaintiff's Complaint, paragraph 15 of Plaintiff's Complaint is hereby stricken from Plaintiff's Complaint and Plaintiff's federal claims are dismissed with prejudice. Based upon the dismissal of Plaintiff's federal law claims with prejudice, any and all state claims are remanded back to the Circuit Court of Obion County, Tennessee.[2]

A motion for summary judgment was filed in behalf of the Defendants supported by a statement of undisputed facts and the affidavit of William Sudbury. The statement of undisputed facts recites as follows:

Larry Joe Manus was incarcerated in the Obion County Jail from July 21, 2001 until January 3, 2002.

On Friday, August 3, 2002, Plaintiff allegedly broke his tooth.

Officer Jason Moore contacted William Sudbury on Friday, August 3, 2001, to advise him that Plaintiff was complaining of tooth pain. Sudbury advised Officer Moore to contact the dentist, Dr. Crocker. Due to the fact that it was after 6 p.m., they were unable to speak with the doctor.

Plaintiff filled out a medical request form on August 8, 2001 stating that "broke a tooth off while eating. Hit a nerve. The pain is not stopping."

Plaintiff received or was offered medication, i.e. Ibuprofen 200 mg or Tylenol Extra Strength 1000 mg, two to three times a day from August 3, 2001 until August 16, 2001 as evidence by Exhibit A.

The earliest appointment time available to Dr. Crocker, the county dentist, was August 16, [2001]. Plaintiff was transported to said visit.

Plaintiff was prescribed Amoxicillin 500 mg and Hydrocodone APAP 7.5/500 mg by Dr. Crocker.

Plaintiff's prescription of Amoxicillin was for 18 tablets and to last 7 days. Said medication was given to Plaintiff as prescribed. No refill was prescribed by Dr. Crocker.

---

[2]Paragraph 15 of the Complaint states: "Defendants were deliberate [sic] indifferent, and shown [sic] callous disregard to plaintiff's well being and medical needs."

Plaintiff's prescription for Hydrocodone was for 15 tablets to last 5 days. Said medication was given to Plaintiff as prescribed. No refill was prescribed by Dr. Crocker.

Plaintiff further received a prescription for pain medication and an antibiotic by Dr. H.B. Dodd, the Jail Physician.

Obion County employs Dr. H.B. Dodd as the County Physician.

In order for an inmate to see the County Doctor or Dentist for a nonemergency medical need, the inmate is required to fill out a medical request form. Once said request if filled out by the inmate, the inmate is allowed to see the Doctor or Dentist.

Other than the medical request form of August 8, 2001, Plaintiff never filled out another medical request form regarding his alleged tooth problem.

At all times pertinent, Defendants acted as a reasonable and prudent Sheriff and Chief Administrator with regards to Plaintiff's medical needs.

It is the policy of Obion County that all request made by inmates for medical treatment be given the appropriate attention and that the requesting inmate be provided access to a treating medical professional if said medical treatment is necessary.

At no time did Obion County implement[] a policy denying medical treatment to the inmates of the Obion County Jail.

That any medication prescribed by any physician was provided by the jail officials. Medication was prescribed and given for Plaintiff's condition.

Attached hereto are the complete medical records of the Obion County Jail as it related to the relevant incarceration of the Plaintiff from his intake into the Obion County Jail. These records reflect that medical attention was made available to the Plaintiff as prescribed by the law.

Our review of a motion for summary judgment is set forth in *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 88-89 (Tenn. 2000), as follows:

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997);

*Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

The non-moving party is required to specifically respond to each fact set forth by the movant. The non-movant's response may contain a concise statement of any additional facts which the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Tenn. R. Civ. P. 56.03. *See* Robert Banks, Jr. and June F. Entman, *Tennessee Civil Procedure*, § 9-4 (I) (1999).

Mr. Manus did file a response to the summary judgment motion wherein he states that he has shown facts sufficient to establish a violation of his rights under the Eighth Amendment of the United States Constitution. However, as heretofore noted, that allegation was, at Plaintiff's request,

stricken from the Complaint while this matter was in the bosom of the United States District Court. The response further simply recites that he is entitled to a trial by jury. Suffice it to say, a party is not entitled to a jury trial at the summary judgment stage.

The trial court granted summary judgment in favor of the Defendants. The order noted that the District Court dismissed the Plaintiff's federal claim; that the evidence is undisputed that the Plaintiff did receive medical and dental treatment while an inmate in the county jail and that the Plaintiff failed to sue Obion County, the proper party in this case rather than the Jail Administrator and the County Sheriff.

Mr. Manus filed a timely notice of appeal. His brief filed with this Court does not contain a statement of the issues presented for review as required by Rule 27(a)(4) of the Tennessee Rules of Appellate Procedure. However, he presents a threefold argument which we will consider to be the issues presented. The first argument concerns the allegation of deliberate indifference with which we have already dealt. The Plaintiff voluntarily struck that allegation from his complaint while the matter was before the District Court. He next argues that he was deprived of a trial by jury. However, such is not the case at the summary judgment stage wherein summary judgment is only appropriate if there are no disputed issues of material fact. His third argument is that the trial court erred by holding him, as a *Pro se* litigant, to the same standards of an attorney. No support is given for that argument.

By statute, county legislative bodies alone have the power and duty to provide medical care to prisoners confined in their jail. Tenn. Code Ann. § 41-4-115 (2003); *see also Chattanooga County Hosp. Auth. v. Bradley County*, 66 S.W.3d 888, 889 (Tenn. Ct. App. 2001). There is no indication in the record before us that the Plaintiff sought to amend his Complaint to include Obion County, the entity responsible for providing him with medical and dental care.

The Complaint further alleges that Obion County (a non party), was negligent for not providing the proper treatment, that Defendants Sudbury and Cunningham were negligent in refusing treatment and that all three were negligent for failing to follow state law, policy and procedures. According to the un-refuted affidavit of William Sudbury, jail procedures were followed with respect to the dental care provided Mr. Manus.

A review of the statement of undisputed facts and the affidavit of Mr. Sudbury reveal that the broken tooth was reported on August 3, 2001. Officer Jason Moore contacted Mr. Sudbury that Mr. Manus was complaining of pain. Office Moore was advised to contact the county dentist, Dr. Crocker, but he was unable to speak to him because of the lateness of the day. Mr. Manus filled out a medical request form on August 8, 2001. The earliest appointment available with Dr. Crocker was August 16, 2001. Dr. Crocker prescribed medication which was received or offered to Manus. Mr. Manus further received a prescription for pain medication and an antibiotic from Dr. H. B. Dodd, the jail physician. In order for an inmate to see the county doctor or dentist for a non-emergency medical need, the inmate is required to fill out a medical request form. Once that request is filled

out by the inmate, the inmate is allowed to see the doctor or dentist. The only medical request form filled out by Mr. Manus was a form on August 8, 2001.

Our review of this record discloses that Mr. Manus was provided medical/dental care while an inmate in the Obion County Jail. Like the trial court, we do not find genuine issue of material facts and the judgment of the trial court granting summary judgment is affirmed. The costs of this appeal are taxed to the appellant, Larry Joe Manus, for which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE