IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 15, 2005 Session

## PROGRESSIVE FUNDING, INC., a Tennessee Corporation, v. HENRY HOOVER, a/k/a HENRY N. HOOVER, JR., a/k/a H.N. HOOVER, JR.

**Direct Appeal from the Chancery Court for Fentress County**
**No. 96-63     Hon. Billy Joe White, Chancellor**

---

**No. M2005-00296-COA-R3-CV  - Filed February 21, 2006**

---

In an action to quiet title, the Trial Court granted plaintiff summary judgment and defendant appealed.  We affirm the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

Henry N. Hoover, Jr., Jamestown, Tennessee, *pro se.*

Kenneth M. Chadwell, Crossville, Tennessee, for appellee.

**OPINION**

In this action plaintiff charged the defendant with trespass, libel and slander of plaintiff's title to the property.  Defendant answered and filed a Counter-Complaint asserting that he owned the property in question, that he had logged it and planted crops on it, etc., and had paid property taxes on the property since 1968.

Plaintiff responded to defendant's Counter-Complaint, denying defendant's allegations of ownership, and asserted affirmative defense of failure to state a claim and the Statute of Frauds.

Subsequently, plaintiff filed a Motion for Summary Judgment supported by affidavits,

including an affidavit of Lester Clark, who stated that he had served as tax assessor for Fentress County from 1984 to 1996, and that he was familiar with the real property at issue which was described in a survey by Rodney Foy recorded in the Register of Deeds Office. He also stated that he was familiar with the property owned by defendant, and that he had personally visited the property in question on numerous occasions, and found signs posted on the boundaries by plaintiff, as well as a gate placed by plaintiff. Clark stated that defendant's deed did not describe any of the property at issue, and that defendant had not paid any taxes on the subject property.

Plaintiff also filed the Affidavit of James Romer, attorney, who stated that he had researched defendant's claim, and opined that plaintiff had the superior title. Plaintiff also filed a Statement of Undisputed Facts, stating that it owned the property in dispute pursuant to its deed and the survey performed by Foy. Also that defendant had hired an expert surveyor, Michael Stump, to survey his property, and that Stump had concluded that defendant's property was not the same property as that owned by plaintiff. Further, that defendant's deed did not describe the property at issue, and that the property assessed to plaintiff by the tax assessor's office was not described by defendant's deed. Plaintiff's predecessors in title had paid property taxes on the subject property for more than twenty years, and the tax records demonstrated that defendant never paid taxes on the subject property. Plaintiff attached the depositions of Michael Stump and others, to the effect they had visited the property through the years or used the property with plaintiff's permission, and had not seen any indicia of possession by defendant.

Defendant's response to plaintiff's Statement of Material Facts merely referenced the numbered paragraphs and responded with "Admitted" or "Denied". Defendant also filed a Statement of Facts, but did not include citations to the record, and attached several statements from witnesses, which are unsworn. (Generally, the statements do not identify the property with any specificity). Defendant also attached some tax receipts showing that he and his predecessors had paid taxes on a 25 acre tract from the late 1950's to the late 1960's.

The Court granted the plaintiff's Motion for Summary Judgment, in that defendant had not disputed the material facts set forth in plaintiff's Motion. The Court said that the property at issue and the defendant's property were mutually exclusive tracts, with the one not encroaching upon the other. This was supported by the expert testimony of the surveyors. Further, the Court held the defendant had neither record title nor color of title to the disputed property, and that he was not in possession of the property either in whole or part, based on the undisputed sworn pleadings and affidavits "and the entire record".

The court observed the defendant filed no countervailing affidavits, nor had set forth any disputed material facts pursuant to Tenn. R. Civ. P. 56, and dismissed defendant's claims.

On appeal, defendant argues that it was improper for the Trial Court to grant summary judgment to the plaintiff. As the Supreme Court has explained:

The standard for review of a trial court's grant of summary judgment is *de novo* with

no presumption of correctness. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.03.

[S]ummary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *Byrd*, 847 S.W.2d at 215.

. . . Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *Byrd*, 847 S.W.2d at 210-211. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *Id.*

*Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997)

*Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

Tenn. R. Civ. P. 56 sets forth the required procedure for summary judgment motions, and states:

Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (I) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in

dispute.

In this case, plaintiff filed a statement of undisputed facts, and defendant filed a response, but the response did not support any purported disputes with citations to the record. Likewise, the statement of facts filed by defendant contained no citations to the record.

Tenn. R. Civ. P. 56 further provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The foregoing was not followed by defendant, who filed various unsworn witness statements that purported to support his position. While we afford *pro se* litigants a certain measure of leniency in their pleadings, we have also made clear that:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many *pro se* litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a *pro se* litigant and unfairness to the *pro se* litigant's adversary. Thus, the courts must not excuse *pro se* litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)(citations omitted). Thus, defendant's failure to comply with the substance of Tenn. R. Civ. P. 56 is fatal to his claims. As we have previously explained:

> Courts consistently have emphasized that a party opposing a motion for summary judgment may not simply rest on its pleadings, but must affirmatively oppose the motion. Such opposition may be made by pointing to the evidence in the record which indicates disputed material facts. Rule 56.03 requires that a party opposing a motion for summary judgment must serve and file a response to the motion.

The statements of material facts submitted by the parties on a motion for summary judgment are "intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own." Although the trial court may, at its discretion, waive the requirements of the rule where appropriate, the court may also refuse to consider the factual contentions of a non-complying party even where such facts are ascertainable by the record. Thus the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party. Accordingly, failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal.

*Holland v. City of Memphis*, 125 S.W.3d 425, 429 (Tenn. Ct. App. 2003)(citations omitted).

We find from our review of the record that there are no material facts in dispute, as found by the Trial Court. The record establishes that plaintiff holds title to the property in dispute, as testified to by both experts, and plaintiff and its predecessors had been assessed and paid taxes on the property. Defendant's allegations of title, payment of taxes, and/or possession of the property, was not supported by any material evidence. Accordingly, the Trial Court properly granted summary judgment to plaintiff, and properly quieted title in it.

The Judgment of the Trial Court is affirmed, with the cost of the appeal assessed to Henry N. Hoover, Jr.

_____
HERSCHEL PICKENS FRANKS, P.J.